## PATTON v. WELLS.

(Circuit Court of Appeals, Eighth Circuit. March 2, 1903.)

### No. 1,752.

**1. PARTNERSHIP—DIVISION OF PROFITS—CONTRACTS—NUDUM PACTUM.**

Plaintiff alleged that defendant, who was the cashier of a bank of which plaintiff was president, agreed that they should reorganize a corporation largely indebted to the bank, and that they would divide the proceeds of the stock held by the bank as collateral after the debt of the bank was realized from a sale thereof. Plaintiff testified that defendant stated to him that when the matter was fixed up, and the bank's money was realized, "if there was something of a surplus there would be a fair division." *Held,* that the promise, if made, was nudum pactum and unenforceable.

**2. SAME—EVIDENCE.**

In an action by the president of a bank against the cashier to recover a share of profits alleged to have been made by the cashier in the sale of stock of a corporation held by the bank as collateral security for the corporation's debt, after the cashier had reorganized the corporation and the debt to the bank had been paid, mere general conversations between plaintiff and defendant concerning the bank's affairs, not tending to show that the cashier intended to contract to divide with plaintiff any surplus so arising, was insufficient to show the making of a contract to divide the profit.

**3. SAME—ACTION FOR SERVICES—QUESTION FOR JURY.**

Where plaintiff testified that defendant expressly promised to remunerate plaintiff for his time and services while he was acting as a director and officer of a bank, and that he entered upon the performance of his duties in pursuance of such promise, whether such contract was entered into, and whether plaintiff rendered services in compliance therewith, was for the jury.

**4. SAME—COMPLAINT—SEPARATE COUNTS—VERDICT—APPEAL.**

Where plaintiff sued defendant in two counts, and a verdict was rendered in plaintiff's favor, without stating on which count it was based, and it was subsequently determined on appeal that plaintiff was not entitled to recover on one count, and it could not be determined from the record on which count the verdict was based, a judgment rendered thereon will be reversed.

**5. SAME—TRIAL—REQUESTED INSTRUCTIONS.**

Where, in an action for services, the court did not charge concerning the facts which must be proven to warrant a recovery, but simply gave to the jury a general summary of the evidence, a request that it must be proven to the reasonable satisfaction of the jury, by a preponderance of the evidence, that there was an express promise on defendant's part that, if plaintiff would act as president of the bank, defendant would pay him for his services in so doing, was improperly refused.

In Error to the Circuit Court of the United States for the Southern District of Iowa.

Elijah Robinson (C. G. Saunders and D. W. Stuart, on the brief), for plaintiff in error.

John N. Baldwin (S. B. Wadsworth and George S. Wright, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. Lucius Wells, the defendant in error, brought this action against James A. Patton, the plaintiff in error; his petition containing two counts or causes of action. In the first count he alleged, in substance, that about October 1, 1896, he was elected president of the First National Bank of Council Bluffs, Iowa, and that the defendant was elected its cashier at about the same time; that the bank held claims against the Council Bluffs Gas & Electric Light Company amounting in the aggregate to about $120,000; that he had several conversations with the defendant, Patton, about the different methods of collecting this claim against the aforesaid gas and electric light company, and that by an oral agreement entered into between the plaintiff, Wells, and the defendant, Patton, the plaintiff agreed to assist the defendant in the reorganization of the aforesaid gas and electric light company, and in the sale of a large block of the stock of that company which the bank held as collateral; and that in and by said oral agreement the defendant promised to share with the plaintiff in the profits which might be made in the reorganization of said company and the sale of its stock, after the bank had fully realized what was due to it. It was then averred that the reorganization of the gas and electric light company took place; that the defendant, Patton, has received as profits incident to the reorganization of said company and the sale of its stock a large amount of money, to wit, several thousand dollars, but that he had neglected and refused to pay a part of it to the plaintiff in compliance with his agreement. The answer to this cause of action was a denial of the alleged oral agreement.

In the second count of his complaint the plaintiff alleged that on or about October 1, 1896, the defendant, Patton, entered into a verbal agreement with him whereby he promised that in consideration of the plaintiff's becoming and acting as a director and officer of the First National Bank of Council Bluffs, Iowa, he, the said Patton, would compensate the plaintiff for any and all services which he might render during the time that he acted as an officer or director of said bank; that the defendant was at the time the cashier of the bank, and a stockholder therein; that by virtue of such contract the plaintiff became a director and president of the bank, and performed services as such continuously during the years 1896, 1897, and 1898, until the bank became merged with another bank at Council Bluffs, Iowa, known as the Citizens' State Bank; and that the services which the plaintiff performed in pursuance of said agreement were of the reasonable value of $5,000, no part of which had been paid. The defendant answered this cause of action by denying that he ever entered

into a contract with the plaintiff to compensate him for his services as a director or president of the aforesaid bank.

Relative to the first cause of action, it is sufficient to say that we have examined the testimony which was adduced at the trial, and have failed to find any substantial evidence tending to establish the existence of such an agreement as is alleged in the first cause of action. We do find in the plaintiff's testimony a statement to the effect that he had frequent conversations with Patton concerning the progress which he was making in selling the stock of the Council Bluffs Gas & Electric Light Company, which was held by the bank as collateral security, in which, as he says, Patton "held out the inducement to me that when this gas matter was fixed up, and we realized the bank's money, if there was something of surplus there would be a fair division." This statement, however, as detailed by the witness, does not disclose any consideration for the promise to divide the surplus money which might remain after the bank's debt was paid, and, if regarded as a contract, it would seem to be in the nature of a nudum pactum. Moreover, the conversations to which the witness refers, in which, as he says, such an inducement was held out, seem to have been general conversations between the plaintiff and the defendant concerning the bank's affairs, in which both of the parties were more or less interested; and it does not appear, we think, that the statements alluded to were made by the defendant with a view of entering into a contract with the plaintiff, or under circumstances which fairly justified the plaintiff in supposing that the defendant intended to make a contract. Upon the whole, therefore, we conclude that there was no substantial evidence in the case such as would support a verdict in favor of the plaintiff upon the first cause of action, and that the trial court ought to have given an instruction which was asked by the defendant's counsel—that under the pleadings and evidence the plaintiff was not entitled to recover upon that count.

Respecting the second cause of action the case is different. In support of this cause of action the plaintiff testified to a distinct promise made by the defendant that he would remunerate the plaintiff for his time and services while he was acting as a director and officer of the bank, and that he entered upon the performance of his duties in pursuance of such a promise. It was doubtless the province of the jury to determine whether such a contract was entered into by the defendant, and whether the plaintiff had rendered services in compliance therewith. The difficulty with the case is that the trial court did not require the jury to make a separate finding on the two causes of action, but submitted them together, and the jury returned a verdict in favor of the plaintiff, assessing his damages at the sum of $2,000, without stating in their verdict upon which count the finding was based. Besides, the trial judge gave no clear directions to the jury concerning the facts which must be proven to the satisfaction of the jury to warrant a recovery upon either count of the petition. The charge contained a general summary of the evidence which had been adduced by the respective parties, but it contained no specific directions relative to the facts which must be estab-

lished to warrant a recovery on either cause of action. The trial judge seems to have assumed that no directions on that point were necessary, and that it would suffice to recapitulate the facts that had been testified to, leaving the jurors to determine for themselves whether they would warrant a recovery. The defendant's attorney requested the trial court to charge the jury, in substance, that, before the plaintiff could recover on the second cause of action, "it must be proven to the reasonable satisfaction of the jury, by a preponderance of the evidence, that there was an express promise on the part of the defendant that, if plaintiff would act as president of said bank, defendant would pay him for his services in so doing." This, in our judgment, was a proper instruction, which, in view of all of the circumstances of the case, ought to have been given. As it was not given, and no equivalent direction was contained in the court's charge, the failure to give it cannot be regarded otherwise than as a reversible error. Moreover, upon this record we cannot tell whether the finding of the jury was based upon the first count of the complaint, which was not supported by any substantial testimony, or whether it was based upon the second count.

Upon the whole, we conclude that the judgment ought to be reversed, and the cause remanded for a new trial, and it is so ordered.