SPOKANE INTERNATIONAL RY. CO. v.
UNITED STATES.
No. 6959.

Circuit Court of Appeals, Ninth Circuit.
Aug. 31, 1934.

Alex M. Winston, of Spokane, Wash., and Ezra R. Whitla, of Coeur d'Alene, Idaho, for appellant.

H. E. Ray, U. S. Atty., and W. H. Langroise, Sam S. Griffin, and Ralph R. Breshears, Asst. U. S. Attys., all of Boise, Idaho.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

MACK, Circuit Judge.

This is an appeal by defendant from a judgment for plaintiff for $21,529.65, pursuant to verdict, in an action for damage to the Pend Oreille National Forest by a fire alleged to have been caused by defendant's negligence.

The negligence charged consisted in failing to keep the right of way clear of inflammable material as required by an Idaho statute of 1925 (Laws 1925, c. 150, § 14 [now in Idaho Code Ann. (1932) § 37-117]), in operating coal burning engines without adequate spark arresters, and in permitting the spread of the fire to plaintiff's lands. Plaintiff's evidence was offered under its contention that liability would be established by proof either that the fire started on defendant's right of way in inflammable material which, contrary to the statute, it had allowed to accumulate there, regardless of whether or not defendant actually caused the fire, or by proof that, due to improper spark arresters or negligent operation, it was caused by a spark or cinder from defendant's locomotive, regardless of whether such spark or cinder first ignited material on defendant's property or beyond its right of way.

Defendant moved for nonsuit at the close of the evidence on the ground of its insufficiency to show that the fire had been started by defendant or had originated on its right of way or to sustain any of the allegations of negligence. Assigning the denial of this motion as error, appellant contends that the complaint states two separate causes of action, one based on negligence in the maintenance of the right of way, the other on negligence in the operation of the trains, and that the judgment must be reversed if the evidence on either cause of action is insufficient to have based a verdict thereon. This contention, however, cannot be sustained because defendant in its motion for a nonsuit treated the complaint—and properly so—as stating a single cause of action based on several distinct grounds of negligence; it did not ask for a nonsuit on each alleged cause of action but on the entire complaint. Cf. Patton v. Wells, 121 F. 337 (C. C. A. 8, 1903). The denial of the motion as made was not erroneous if there was any substantial evidence in support of any one of the charges of negligence.

The evidence tending to prove that the fire was caused by the operation of defendant's railroad consisted of the testimony of several eyewitnesses that, a few minutes after a freight train had passed, they had seen the fire burning on a hillside just above and north of the railway tracks. One of the witnesses testified that he saw the fire about a minute and a half after the train had passed; others that they saw the start of two or three fires which later merged into one. The tracks at this place ran east and west, up a sharp grade near Bloom's Hill, between Bonners Ferry and Eileen; the train, proceeding in an easterly direction from Bonners Ferry, was being pulled by one engine and pushed by another. The wind was blowing briskly from the southwest, and the fire, which is called the Moyie fire, beat rapidly up the hill to the northeast toward plaintiff's lands. There was no affirmative evidence that sparks had been scattered by these engines or indeed by other engines of defendant. Moreover, there was evidence of other fires in the general vicinity at that time, although none were placed close enough to the supposed origin of the Moyie fire to be a likely cause. There was, too, evidence that people sometimes camped in the vicinity but none that campers had been there on the day of this fire.

The evidence from which the jury might infer that defendant's engine caused the fire is considerably stronger than that in General

Insurance Co. of America v. Northern Pacific Ry. Co., 280 U. S. 72, 50 S. Ct. 44, 74 L. Ed. 172 (1929). On the record in that case, the Supreme Court, differing on this point from the majority of this court [28 F.(2d) 574, 576], held that the passage of a train with two coal burning engines shortly before a fire was seen burning close to the railway tracks was not sufficient evidence of causation to take the case to the jury. There the fire started in a warehouse fifty feet from the tracks and was not observed by any of the witnesses until about fifteen or twenty minutes after the train had passed. Although there was a steep grade some distance before the warehouse, coming up which other trains of the defendant had been seen to emit sparks at other times, the right of way past the warehouse was level and there was no evidence that this or any train on that level stretch had emitted sparks. In the instant case, however, the fires were seen almost immediately after the train had passed, burning in several places on the hill in the direction from the track in which the wind was blowing. This evidence, taken in connection with the other circumstances disclosed, was sufficient in our judgment to permit the jury to conclude that the fire was set by a spark or cinder from the passing train.

■ But evidence of causation alone does not suffice; negligence is the basis of the action. Sparks or live cinders are not shown to have been emitted by these or other of defendant's engines at this or at other times; on the contrary, defendant's engineer on this train testified that when the train went through the tunnel not far from where the fire is alleged to have started, he looked back and saw that no sparks were being emitted. The only evidence tending to minimize defendant's proof that efficient spark arresters were used, which on the very day when the fire started had been examined and found to be in good condition, was the testimony of one of its witnesses (properly admitted in view of his earlier testimony) that after the fire additional finer netting was used for a short time. But it was further testified, without contradiction, that this experiment in additional netting was abandoned shortly thereafter because it prevented getting up enough steam. In view of the conclusion that we have reached as to the negligence in another respect, we find it unnecessary to decide whether or not there was substantial evidence of a violation of defendant's duty as to equipment and operation.

■ We come then to the effect of the Idaho statute which required defendant to keep its right of way "clear and free from all combustible and inflammable material, matter or substances," during the closed season from June 1st to September 1st. This criminal statute established a standard of care, failure in the observance of which would subject defendant to civil liability if such failure caused or contributed to the damage of another. If the fire originated on defendant's right of way in inflammable material, which in violation of the statute had been allowed to accumulate there, it would be immaterial whether a spark from defendant's engine or the act of a third person from without defendant's right of way had caused the fire. Curoe v. Spokane & I. E. R. Co., 32 Idaho, 643, 186 P. 1101, 37 A. L. R. 923 (1920). On the other hand, even though the fire was set by a spark from defendant's engine, if it ignited material lying outside of the right of way, negligence in failing to maintain the right of way in accordance with the statute would be immaterial unless such failure contributed to the spread of the fire.

■ Defendant's right of way extended one hundred feet on either side of the tracks. As to the condition of the right of way, a deputy fire warden of the state of Idaho testified that he had examined the right of way during the season of and prior to the fire and had found growing, in the place where the fire is alleged to have started, cheat grass six or eight inches high, which he considered to be highly inflammable material. He was supported as to this condition of the right of way in this region by other witnesses. Although the statute should not be construed to impose on defendant a standard of care impossible of fulfillment, there is nothing to show that this cheat grass could not have been removed or prevented, either by burning off the right of way during the closed season under permit as provided by Idaho statute (see Idaho Code Ann. (1932) § 37-116), or by plowing over the right of way. The evidence clearly sufficed to justify a finding of the violation of the statute.

■ We come then to the question whether or not the fire could be found to have originated in this combustible material on defendant's right of way. The burned over area reached in some places to within four and a half feet of the tracks; there was testimony that a fire in grass on a hillside would not burn downhill against the wind. Three of plaintiff's eyewitnesses, who from distances of at least a mile and a half saw the fire

start, testified that it was close to the tracks, but none of them positively located it within one hundred feet of the tracks and thus on the right of way. One of them, who estimated that he was a mile and a half away, said, "From where I was it looked like it started on or right at the road," meaning, as he explained, the tracks themselves. Defendant introduced evidence to show that these witnesses from where they stood could not possibly have seen a fire originating in a gully beyond the railway tracks. This evidence, however, may be disregarded for the present purpose since there was a conflict in the testimony as to whether or not the fire originated in the gully and whether or not the right of way at that point was entirely in a gully. This direct evidence that the fire started on the right of way is strengthened when weighed in the light both of the jury's right, as hereinabove stated, to find that the fire was caused by a spark or live cinder from defendant's engine and of the testimony of defendant's witness that if a spark or cinder escaped through the fine mesh spark arrester used on defendant's engines in the summer season it would not have carried far. In our judgment, there was much more than a scintilla of evidence in support of a finding that the fire started on defendant's right of way.

We conclude that the motion for a nonsuit was properly denied.

■ Appellant assigns as error certain rulings on evidence. Proof of other fires along the right of way in this and adjoining sections shortly after trains had passed during the summer of 1929 prior to the date of the Moyie fire was properly admitted as a basis for the inference that defendant's engine set the fire and also, if the fires occurred on the right of way, to show the inflammable conditions permitted thereon. See Grand Trunk R. Co. v. Richardson, 91 U. S. 454, 470, 23 L. Ed. 356 (1875); Northern Pac. Ry. Co. v. Mentzer, 214 F. 10, 17 (C. C. A. 9, 1914). Nor was there error in admitting evidence of the condition of the right of way close to but not immediately at the place of the fire. See Northern Pacific Ry. Co. v. Lewis, 51 F. 658, 665 (C. C. A. 9, 1892).

■ Error is also assigned in the admission and rejection of certain evidence bearing on the damages. The cost of bringing men to fight the fire was a proper element of damages: as to whether they could have been hired in Spokane instead of the more distant Seattle and at what rates, the testimony was conflicting. Plaintiff's testimony that the fire had destroyed a certain number of acres of immature timber was properly admitted and defendant's offer to prove that such timber had no value, properly rejected on the theory that the cost of restoring the land on which the growth had no market value was the correct measure of damage. Feather River Lumber Co. v. United States, 30 F.(2d) 642, 644 (C. C. A. 9, 1929). The charge for slash disposal as an element in the market price of mature timber was proper in the circumstances.

■ Granting or denying a motion for a new trial is discretionary with the trial court; only an abuse of discretion is assignable as error. Cf. Clyde Mattox v. United States, 146 U. S. 140, 13 S. Ct. 50, 36 L. Ed. 917 (1892). Clearly the assignment has no direct charge of such abuse. In any event, we find no abuse of discretion or even error in denying the motion in so far as it was based on affidavit of jurors that one of them had stated to the others, that he knew of a more efficient arrester than defendant's and that it should have been used. A verdict cannot be thus impeached. McDonald v. Pless, 238 U. S. 264, 35 S. Ct. 783, 59 L. Ed. 1300 (1915); Economon v. Barry-Pate Motor Co., 55 App. D. C. 143, 3 F.(2d) 84, 86 (1925); Davis v. United States, 47 F.(2d) 1071 (C. C. A. 5, 1931).

Judgment affirmed.