## UNITED STATES v. CHESAPEAKE & O. RY. CO.

### No. 4926.

Circuit Court of Appeals, Fourth Circuit.

Aug. 11, 1942.

Donald Ross Marshall, Atty., Department of Justice, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., Frank S. Tavenner, Jr., U. S. Atty., of Woodstock, Va., R. Roy Rush, Asst. U. S. Atty., of Roanoke, Va., and Vernon L. Wilkinson, Atty., Department of Justice, of Washington, D. C., on the brief), for appellant.

J. M. Perry, of Staunton, Va., for appellee.

Before PARKER, DOBIE, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an action brought in the District Court of the United States for the Western District of Virginia by the appellant, United States of America, herein referred to as the plaintiff, against the appellee, The Chesapeake & Ohio Railway Company, a corporation, herein referred to as the defendant. In November, 1941, after a hearing, the court below dismissed the complaint holding that it did not allege a sufficient cause of action to justify recovery and entered judgment for the defendant. From this action this appeal was brought.

The object of the action was to recover expenses incurred by the United States Forest Service in extinguishing a fire, allegedly resulting from the defendant's negligence, which threatened to destroy the George Washington National Forest. The pertinent allegations of the complaint, admittedly true for the purpose of considering defendant's motion to dismiss, are as follows:

The United States owns the George Washington National Forest in Virginia. The Chesapeake and Ohio Railway Company operated its trains near the plaintiff's property. Defendant's right of way and the adjacent property were covered with combustible materials, forming one continuous connecting forest area with the George Washington National Forest. The defendant negligently failed to perform its legal duty to clear its right of way and the adjacent property of combustible materials. On May 6, 1938, sparks and burning coals from defendant's locomotive ignited these combustibles. Due to the presence of the combustibles, the atmospheric conditions on and prior to the date of the fire, and the location of the right of way in a hollow surrounded by forest covered mountains, the fire spread rapidly.

The defendant negligently failed to provide sufficient men and means to protect adjacent property by patrolling its right of way and extinguishing any fires originating thereon, although defendant was aware of the negligent condition of its right of way and knew fires had been frequently caused in the forest area by operation of its locomotives. Defendant made no effort to put the fire out and because it jeopardized the National Forest the plaintiff fought the fire, stopping its spread on May 9, and extinguishing it May 13 after it had burned over 560 acres of privately owned forest land, and had burned to within approximately 2,500 feet of George Washington National Forest.

The complaint concluded with a prayer for $1,928.20, the expense reasonably and necessarily incurred by plaintiff in suppressing the fire. Included in the amount sought to be recovered is the value of equipment destroyed in fighting the fire.

The court dismissed the complaint on the ground that it did not state a statutory or common-law claim for relief.

The only question involved is whether the complaint contained sufficient allegations to justify a recovery by the plaintiff.

The statute involved is Section 4435(b) of the Virginia Code, 1936, which provides:

"If any person carelessly, negligently or intentionally set any woods or marshes on fire, or set fire to any stubble, brush, straw, or any other substance capable of spreading fire on lands, whereby the property of another is damaged or jeopardized, he shall be fined not less than ten nor more than one hundred dollars for each offense, and shall be liable for the full amount of all expenses incurred in fighting the fire." Other Acts claimed by the defendant to be pertinent are: Acts of General Assembly, 1926, c. 505, pp. 855–857, amending and reenacting Secs. 541, 545, 546-a, 3991 and 4435 of the Code of Virginia, 1919; Acts of General Assembly, 1930, c. 314, p. 741, amending Sec. 541-a of Act of 1926; Acts of General Assembly, 1932, c. 350 p. 688, adding Sec. 542-a; Code of Virginia, 1919, Sec. 5, sub-sec. 20; Code of Virginia, 1919, Sec. 4435; and Virginia Code, Supp. 1926.

■ A reading of Section 4435(b), above quoted, shows it is too clear to require construction but it is contended on behalf of the defendant that because at the time it was first enacted in its present form by the Virginia legislature, 1926, it was also provided, in other sections of the same act, that where the fire was put out by the State authorities payment should be made only to the State officials under proper procedure and that this fact precluded any recovery for the putting out of fires except by State officials. We cannot concur in this conclusion. The mere fact that a method of procedure was provided for the putting out of fires and the recovery of proper expenses in so doing by State officials only does not, in our opinion, nullify the plain provision of the statute to the effect that the negligent party "shall be liable for the full amount of all expenses incurred in fighting the fire."

The language is simple and the clear meaning of the statute is that the negligent party should be liable for all expenses incurred in fighting the fire by anyone who is justified in fighting it. Certainly, where one's property is endangered by a negligent act, the owner is justified in protecting his property. This is especially true, under the circumstances of this case, where a fire had burned for seven days, over more than five hundred acres of forest land, without any attempt by the State authorities or anyone else to extinguish it.

■ The fire was rapidly approaching the property of the plaintiff and whether or not the plaintiff was justified in the steps it took to extinguish the fire was a question to be passed upon by a jury.

■ It is scarcely necessary to quote authorities to the effect that the language of Section 4435(b) may not be construed contrary to its obvious meaning in order to make it uniform with the other provisions of the Forestry Act of 1926. See, Heinz v. Commissioner, 3 Cir., 94 F.2d 832.

■ We are of the opinion therefore that the plaintiff, according to the allegations of the complaint, was entitled to recover under the plain provisions of the statute.

■ Aside from the question of recovery under the statute we are of the opinion that the plaintiff was entitled to relief in tort.

"A person whose legally protected interests have been endangered by the tortious conduct of another is entitled to recover for expenditures reasonably made or harm suffered in a reasonable effort to avert the harm threatened." 4 Restatement, Torts (1939) sec. 919. Cf. 1 Sutherland, Damages (4th ed.1916) sec. 88, p. 311; Spokane International Ry. Co. v. United States, 9 Cir., 72 F.2d 440.

■ Damages for personal injuries received in an attempt to save property menaced by the negligence of another are recoverable from the wrongdoer. Illinois Central R. R. Co. v. Siler, 229 Ill. 390, 82 N.E. 362, 15 L.R.A.,N.S., 819, 11 Ann.Cas. 368; 38 Am.Jur., Negligence, secs. 81, 77, 80; 22 Am.Jur., Fires, sec. 40; 2 Restatement, Torts (1934), sec. 445. The principle of liability for foreseeable consequences, upon which this rule is based, certainly permits the recovery of damages in the form of expenditures incurred in attempting to save property. Cf. Wilson v. Northern P. R. Co., 30 N.D. 456, 153 N.W. 429, L.R.A.1915E, 991; Spokane International Ry. Co. v. United States, supra.

■ The argument of the defendant and the holding of the court below are based upon the erroneous assumption that the plaintiff, as stated by the court in its memorandum opinion, "was a mere volunteer acting on its own initiative only and not at the request of either the defendant or the landowners on whose property the fire existed". Certainly, when valuable property is being endangered by the approach of a rapidly spreading fire the own-

er is not a volunteer when it takes proper steps to prevent the destruction of the property. Under such circumstances the owner of the property is impelled by the conditions that exist and the evident danger of the destruction of his property and his action is taken, not as a mere volunteer, but in the protection of his property. The fact that he was requested by no one to take necessary steps to protect his property but takes such steps under impelling circumstances does not make him, in any sense, a volunteer. Circumstances may be as potent in forcing action as physical force. Action taken for the protection of property in such circumstances is no more to be classed as "voluntary" action than payment of taxes owing by another to prevent the sale of one's property.

In view of our conclusion as stated above it is not necessary to consider the question raised by the plaintiff that the complaint states a claim for relief in quasi-contract.

Under the allegations of the complaint the plaintiff is clearly entitled to recover not only under the statute but also in tort, and the motion to dismiss should have been denied.

Reversed.