## CHESAPEAKE & O. RY. CO. v. UNITED STATES.

### No. 5157.

Circuit Court of Appeals, Fourth Circuit.

Jan. 1, 1944.

See, also, 130 F.2d 308.

J. M. Perry, of Staunton, Va., for appellant.

John C. Harrington, Atty., Lands Division, Department of Justice, of Washington, D. C., and R. Roy Rush, Asst. U. S. Atty., of Roanoke, Va. (Norman M. Littell, Asst. Atty. Gen., Frank S. Tavenner, Jr., U. S. Atty., of Woodstock, Va., and Norman MacDonald, Atty., Department of Justice, of Washington, D. C., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

The United States sued the Chesapeake & Ohio Railway Company for the expenses incurred in fighting a fire which was alleged to have endangered the George Washington National Forest in Virginia and to have been caused by a locomotive of the defendant. The case was submitted to a jury upon interrogatories in answer to which the jury found that although the locomotive was in good condition and was carefully operated, the fire was caused by sparks, cinders or coals dropped or emitted from the locomotive and that the fire started on the railway's right of way which the Railway Company had failed to keep clear of combustible material at or near the point of origin of the fire. The jury also found that the officers of the United States Forest Service had reasonable ground to apprehend that unless they endeavored to suppress the fire it would spread to and damage the lands of the National Forest, and that the reasonable cost to the United States for the services of its employees in checking the spread of the fire was $1,723.90 for which amount a judgment was entered.

The defendant appealed on the ground that the evidence was not sufficient to support the jury's findings that the fire was caused by sparks, cinders or coals from the locomotive, or the finding that the fire originated on the right of way, and also on the ground that the United States is not entitled to recover any part of the salaries of its regular employees for services rendered at the place of the fire whether the employees were forest service men or members of the Civilian Conservation Corps.

The sufficiency of the evidence to support the findings of the jury was carefully considered by the District Judge; and we agree with his conclusion that although the evidence was largely circumstantial and lacking in definiteness, it tended to show that the locomotive had passed by, emitting sparks, a short time before the fire occurred; that combustible material had been allowed to collect on the

right of way, and that it was a reasonable inference from the testimony of witnesses in the vicinity when the fire began that it originated on the right of way. The evidence was sufficient in our judgment to justify the submission of the interrogatories to the jury.

In respect to the allowance of the government's claim for the wages paid its employees for the period during which they were fighting the fire, the appellant's contention is that the efforts put forth on behalf of the government were expended not in its private capacity as landowner but in the performance of a public duty or function for which it is not entitled to be paid; and in order to indicate the public nature of the work reference is made to the statutes which authorize the Director of the Civilian Conservation Corps to employ and equip men for the protection of the government forests, Act of June 28, 1937, 50 Stat. 319, 16 U.S.C.A. §§ 584b and 584m, and require officials of the National Forest Service to aid in the prevention and extinguishment of fires, Act of May 23, 1908, 35 Stat. 259, 16 U.S.C.A. § 553.

It cannot be said that the government is without power to protect its own property or to recover compensation from wrongdoers who have injured or trespassed upon it. In Utah Power & Light Co. v. United States, 243 U.S. 389, 37 S.Ct. 387, 61 L.Ed. 791, relating to certain lands of the United States held as forest reservations, it was held that the United States was entitled to compensation for the unlawful occupancy and use of the lands without its permission and that it had the right to protect the lands from trespass and injury. The court said (243 U.S. at page 405, 37 S.Ct. at page 389, 61 L.Ed. 791): "And so we are of opinion that the inclusion within a state of lands of the United States does not take from Congress the power to control their occupancy and use, to protect them from trespass and injury, and to prescribe the conditions upon which others may obtain rights in them, even though this may involve the exercise in some measure of what commonly is known as the police power." See Annotation, 70 L.R.A. 877; cf. United States v. Miller, 8 Cir., 28 F.2d 846, 849.

■■ The pending case was previously before this court in United States v. Chesapeake & O. R. Co., 4 Cir., 130 F.2d 308, and it was held that if the allegations of the complaint were sustained, the United States was entitled to recover not only

under the Virginia statute, § 4435(b) of the Virginia Code of 1936, which permits the recovery of all expenses incurred in fighting a fire carelessly set on any lands, but also under the rule in the law of torts that a person whose interests have been endangered by the wrongful conduct of another is entitled to recover for expenditures made in a reasonable effort to avert the threatened harm, 4 Restatement, Torts, § 919. These rules of law should now be applied since it has been found that the facts support the complaint. The government was entitled to recover for the expenses incurred and the wages earned by its employees in fighting the fire to prevent it from spreading to the government's land.

Affirmed.