**UNITED STATES of America, Appellant,**

v.

**Ben F. BOONE, Appellee.**

**No. 72-1484.**

United States Court of Appeals, Tenth Circuit.

April 9, 1973.

Dirk D. Snel, Atty., Dept. of Justice (Kent Frizzell, Asst. Atty. Gen., James L. Treece, U. S. Atty., Charles W. Johnson, Asst. U. S. Atty., George R. Hyde and Jacques B. Gelin, Attys., Dept. of Justice, with him on the brief), for appellant.

Robert W. Hansen, Denver, Colo., for appellee.

Before SETH, McWILLIAMS and BARRETT, Circuit Judges.

SETH, Circuit Judge.

The United States brought this damage action against Ben F. Boone to recover the cost incurred in suppressing a forest fire which spread from the defendant's land, where he was burning brush, to a National Forest. The suit was tried to a jury which found for the defendant, and the United States has taken this appeal.

The issue on appeal centers on the dismissal of one of the two causes of action in the complaint. The first cause asserted negligence in setting on fire a pile of brush by defendant on his property. The cause went to the jury. The second cause of action, which was dismissed by the trial judge before submission to the jury, was based on a Colorado statute which the Government asserts creates an absolute liability and is applicable. This statute (C.R.S.1963 § 41–2–5) reads in part:

> "If any person shall set on fire any woods or prairie, so as to damage any other person, such person shall make satisfaction for the damage to the party injured, to be recovered in an action before any court of competent jurisdiction."

The facts are not in dispute. The record shows that the defendant Boone and an employee of the United States Soil Conservation Service were on Boone's ranch to survey and stake out a damsite for a livestock pond. There was a pile of brush on the proposed site, and Boone struck a match and set it on fire. A few minutes later a sudden wind came up, the fire burned out of control and spread on to the lands of the San Juan National Forest which adjoined Boone's property. The fire burned approximately 315 acres of national forest land, and thereafter the United States brought suit to recover the monies expended by it in suppressing the fire, in restoring the watershed, and for timber and other resource damage in the amount of $31,475.11.

The United States on this appeal asserts that the District Court committed error in holding that state law was not available to the United States as a ground for recovery, and that the second cause based on C.R.S.1963 § 41–2–5 should not have been dismissed.

Appellee Boone urges us to hold that even if C.R.S.1963 § 41–2–5 is applicable, which it is not, it sets forth no basis for liability other than negligence which was submitted to the jury and resolved in his favor.

The trial court apparently dismissed the second cause of action of the complaint on the ground that damages to the forest were governed exclusively by federal law.

There appears to be little authority that is helpful on the application of a state statutory standard of liability or remedy for damages to the national forest under these circumstances.

The damage asserted was to the plaintiff's lands in Colorado. These lands were part of the San Juan National Forest created by proclamation in 1905 out of lands formerly public domain. The statutory authority for the forest is in 16 U.S.C. §§ 471 and 480. These provide generally for the preservation of state civil and criminal jurisdiction within the forest. There is no other statutory provision putting the area within any special category of federal jurisdiction, and there is no authority demonstrating why this tract should be treated differently than any other land in Colorado for these purposes. Colorado statutes on other subjects govern the actions of individuals in this forest, and no reason appears why the United States as a landowner should not avail itself of Colorado statutory provisions which are available to other landowners under like circumstances. See Wilson v. Cook, 327 U.S. 474, 66 S.Ct. 663, 90 L.Ed. 793; Texas Oil & Gas Corp. v. Phillips Petroleum Co., 406 F.2d 1303 (10th Cir.); Allen v. Bailey, 91 Colo. 260, 14 P.2d 1087. The Fifth Circuit in United States v. Williams, 441 F.2d 637 (5th Cir.), considered a boundary dispute which presents some different aspects, but it held that suits by the United States to protect its proprietary interest are local in nature. The same rationale is applicable here.

Thus we hold that the trial court was in error in dismissing the second cause of action in the absence of any contravening federal statute or policy.

Whether a violation of C.R.S.1963 § 41–2–5 subjects Boone to absolute liability or would merit an instruction on negligence per se, whether it refers to deliberate attempt to damage, or whether it sets forth merely a negligence theory on which the jury has already considered the first count, we express no opinion as this is a matter for the trial judge on remand. The Colorado courts have apparently not construed the statute.

The appellee raises an issue on appeal concerning contributory negligence arising from the presence of a Government employee, but we find no merit in this issue.

Reversed and remanded for further proceedings.