**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**BURLINGTON NORTHERN, INC.,** and
**John R. Solomon, Defendants-**
**Appellees.**

**No. 72-2971.**

United States Court of Appeals,
Ninth Circuit.

July 18, 1974.

Glen R. Goodsell (argued), Lands Div., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

John Gavin (argued), Gavin, Robinson, Kendrick, Redman & Mays, Yakima, Wash., for defendants-appellees.

Before CHOY and WALLACE, Circuit Judges, and BELLONI*, District Judge.

———◆———

* Honorable Robert C. Belloni, United States District Judge, District of Oregon, sitting by designation.

## OPINION

BELLONI, District Judge:

Appellant, the United States, brought this action to recover the costs of suppressing a forest fire which occurred in August, 1967, on land owned by appellee Burlington Northern and upon which appellee Solomon's logging operations took place. Appellant entered appellees' land to put out the fire under authority of a cooperative agreement with the State of Washington whereby appellant agreed to provide fire fighting services for certain land, including appellees'. In its first two counts, appellant sought recovery under two Washington statutes, Revised Code of Washington (RCW) 76.04.370 and 76.-04.380, which, as they were written at the time of the fire, gave the State of Washington or certain of its agents claims against the owners and users of land for fire suppression costs under certain circumstances. In its third count, appellant alleged negligence in the accumulation of debris or "slash" from appellee Solomon's logging operations, such debris allegedly being responsible for the spreading of a portion of the fire. The trial court dismissed the first two counts and submitted the case to the jury on an ordinary negligence theory. The jury returned a verdict for appellees.

Appellant's first assignment of error is the dismissal of counts one and two of its complaint. The second assignment is the refusal of the trial court to instruct the jury that violation of RCW 76.04.370 is negligence *per se*, so that a verdict could be returned for appellant merely upon a finding of causation between any accumulation of debris and the spread of the fire. At oral argument, appellant dropped its claim based on RCW 76.04.-380 because of failure to comply with the statute's notice requirement. Therefore, presented to us now are claims that appellant may sue directly under RCW 76.04.370[1] and that the statute establish-

1. At the time of the fire which resulted in this action, RCW 76.04.370 read, in relevant part, as follows:

es a standard of care the violation of which is negligence *per se* as to appellant.

■■ Addressing the first claim, we start by noting that the statute expressly grants a cause of action only to the State of Washington. Appellant asserts the right to sue in place of the State of Washington where appellant incurs fire suppression expenses under its cooperative agreement with the State. However, we perceive the rule in Washington, as well as the general rule, to be that when a statute creates a cause of action not recognized at common law, and when, as here, the statute expressly states who is entitled to bring the action, then that statute is to be read narrowly as to who may sue, and a plaintiff must bring itself within the terms of the statute. Dernac v. Pacific Coast Coal Co., 110 Wash. 138, 188 P. 15, 17 (1920); Whittlesey v. City of Seattle, 94 Wash. 645, 163 P. 193, 195 (1917); see Boeing Airplane Co. v. Perry, 322 F.2d 589, 591–592 (10th Cir. 1963) (dicta); Patterson v. Sears-Roebuck & Co., 196 F.2d 947, 949 (5th Cir. 1952); City & County of Denver v. Miller, 151 Colo. 444, 379 P.2d 169, 173 (1963); see also In re Tyler's Estate, 140 Wash. 679, 250 P. 456 (1926); McDermott v. Kaczmarek, 2 Wash.App. 643, 469 P.2d 191, 194 (1970).

Appellant's theory is that it has been subrogated to the State's claim either by virtue of the cooperative agreement with Washington or by operation of law. We find nothing in the portions of the agreement before us to indicate an intent to subrogate appellant to Washington's claim. Nor has appellant cited any authority whereby common law subrogation theory has been applied to permit one person or entity from suing in place of one to which a cause of action is expressly granted by statute. We know of no such authority. Seeing nothing to the contrary, the rule stated above governs this case. The United States may not sue under RCW 76.04.-370 as it was written in August, 1967.

The cases cited by appellant in support of its right to sue are inapposite in that they only go so far as to allow the United States to sue under statutes creating causes of action for a class which is described in general terms, e. g. "persons," United States v. Boone, 476 F.2d 276, 277–278 (10th Cir. 1973); under statutes which do not specify who may sue, Chesapeake & O. Ry. Co. v. United States, 139 F.2d 632, 633 (4th Cir. 1944); United States v. Chesapeake & O. Ry. Co., 130 F.2d 308, 310 (4th Cir. 1942); or as an adjoining landowner for negligence established by violation of a criminal statute. Spokane Int. Ry. Co. v. United States, 72 F.2d 440, 442 (9th Cir. 1934). None of the statutes involved in those cases specified the party that could recover. Here, the statute specifies that the State of Washington may recover. The United States may not.

■ The second issue presented is the trial court's failure to instruct the jury that violation of RCW 76.04.370 is negligence *per se* as to appellant. However, because appellant did not request

Abatement of fire hazards—Recovery of cost. Any land in the state covered wholly or in part by inflammable debris created by logging or other forest operations, land clearing, or right of way clearing and which by reason of such condition is likely to further the spread of fire and thereby endanger life or property, shall constitute a fire hazard, and the owner thereof and the person responsible for its existence shall abate such hazard. If the state shall incur any expense from fire fighting made necessary by reason of such hazard, it may recover the cost thereof from the person responsible for the existence of such hazard or the owner of the land upon which such hazard existed, and the state shall have a lien upon the land therefor enforceable in the same manner and with the same effect as a mechanic's lien. Nothing in this section shall apply to land for which a certificate of clearance has been issued.

instructions to that effect at trial, we hold that the issue has not been preserved on appeal.

In a civil action, failure to make timely request of instructions at trial precludes review on appeal of the trial court's failure to so instruct. Hays v. United Fireworks Mfg. Co., 420 F.2d 836, 841 (9th Cir. 1969); Panther Oil & Grease Mfg. Co. v. Segerstrom, 224 F.2d 216, 218 (9th Cir. 1955); Bercut v. Park, Benziger & Co., 150 F.2d 731 (9th Cir. 1945); see Bertrand v. Southern Pacific Co., 282 F.2d 569, 572 (9th Cir. 1960). Here, appellant contended in the Pre-Trial Order, as it does before us, that violation of RCW 76.04.370 constitutes negligence *per se*. Yet, at trial appellant's theory was absolute liability, and its requested instructions were framed in terms of absolute liability. Since appellant failed to request negligence *per se* instructions at trial, and since the mere refusal to give faulty instructions is not error, see Bertrand v. Southern Pacific Co., supra at 573, the failure to instruct on negligence *per se* is not before us.

At oral argument, appellant argued that for the purposes of this case absolute liability and negligence *per se* are the same, and that therefore, in substance, the trial court was presented with the issue now assigned as error here. We disagree.

■ Liability for damage without proof of fault or negligence is applied in Washington law to a number of situations, including transporting gasoline by truck along public highways and streets, Siegler v. Kuhlman, 81 Wash.2d 448, 502 P.2d 1181 (1972); blasting with explosives, Foster v. Preston Mill Co., 44 Wash.2d 440, 268 P.2d 645 (1954); placing on the market houses unfit for their intended use, House v. Thornton, 76 Wash.2d 428, 457 P.2d 199 (1969), and unreasonably dangerous products, Ulmer v. Ford Motor Co., 75 Wash.2d 522, 452 P.2d 729 (1969); and the knowing keeping of a dog with vicious or dangerous propensities. Johnston v. Ohls, 76 Wash.2d 398, 457 P.2d 194 (1969). One common element in all of these applications, whether the theory is labelled "absolute" or "strict" liability, is that recovery may be had without proof of negligence. Apparently, appellant's argument is that application of the negligence *per se* doctrine in Washington law reaches the same result in this case since by tying liability to the violation of a statute the issue of negligence is eliminated. The argument is without merit.

In Wood v. Chicago, Mil., St. Paul & Pac. R. Co., 45 Wash.2d 601, 277 P.2d 345 (1954), aff'd on rehearing, 45 Wash.2d 601, 283 P.2d 688 (1955) (en banc), the Washington Supreme Court said:

> This court has long been committed to the rule that violation of a positive statute constitutes negligence *per se*. But the rule has not been applied with relentless indifference to actual fault.
>
> \* \* \* \* \* \*
>
> An analysis of the above cases indicates a reluctance by this court to impose liability by finding negligence *per se*; that is, negligence as a matter of law, *where no negligence exists in fact*. Such decisions are not intended to emasculate the doctrine of negligence *per se*, but rather to place it within rational judicial control. [Emphasis in text.]

Id. at 349–350. We do not read *Wood* to impose on plaintiffs the burden of proving common law negligence in addition to proving a violation of a statute. Such a reading would go far to "emasculate" the negligence *per se* doctrine. Rather, *Wood* stands for the proposition that when a prima facie case of negligence liability for violation of a statute has been made out, the defendant has an opportunity to explain the violation and to present an excuse in order to show that the violation occurred without negligence. Defendant may show the violation to be due to some

cause beyond defendant's control, Brotherton v. Day & Night Fuel Co., 192 Wash. 362, 73 P.2d 788, 791 (1937), or to an emergency, Burlie v. Stephens, 113 Wash. 182, 193 P. 684, 687 (1920), or that the violation was merely 'technical". Baldwin v. Washington Motor Coach Co., 196 Wash. 117, 82 P.2d 131, 134 (1938). This is a distinction between absolute liability and negligence *per se* in Washington law important to the case before us.

■ At trial, appellees raised the issue of excuse by pointing out their position at the time of the fire of having to violate either RCW 76.04.370, requiring disposal of slash, or RCW 76.04.170, prohibiting burning in the forest without a permit between April 15 and October 15. We believe the jury could have found that avoidance of the danger of introducing fire into the forest during the summer, as recognized in part by RCW 76.04.170, excused any violation of RCW 76.04.370 by appellees. See Restatement (Second) of Torts § 288A(2)(e).

■ The issue of excuse having been raised, there is a distinction between absolute liability and negligence *per se* which prevents appellant's absolute liability instructions from being the functional equivalent of negligence *per se* instructions. The requested instructions failed to present to the jury either negligence or, the other side of the coin, excuse. Two instructions requested a verdict "without any requirement of a showing of negligence" or "regardless of whether or not it is reasonable for the condition to exist." Others asked for a verdict upon merely a finding of a hazard and of causation.

Because the requested instructions effectively presented only an absolute liability theory, they were faulty and properly refused. We need not reach the issue of whether the trial court should have instructed the jury on the theory of negligence *per se* because the trial court was not requested to do so.

Affirmed.