[Sac. No. 5780. In Bank. Sept. 24, 1946.]

THE PEOPLE, Respondent, v. JOHN ZEGRAS et al.,
Appellants.

L. R. Weinmann, A. G. Grant, N. F. Coombs, A. C. Mc-
Clellan and O. Fenstermacher for Appellants.

Robert W. Kenny, Attorney General, James O. Reavis and
Ariel C. Hilton, Deputies Attorney General, for Respondent.

EDMONDS, J.—The State has sued John Zegras and three
other persons under the provisions of ''An act defining the
civil liability for failure to control fire'' (Stats. 1931, p. 1644;
1 Deering's Gen. Laws, Act 2586). A question of first impres-
sion now presented for decision concerns the venue of such an
action.

The charge of the complaint is that $1,700 was expended by
the State Forester and the Division of Forestry in fighting an
uncontrolled fire negligently set, or negligently allowed to

spread, by the defendants. Judgment is asked for that amount. The fire occurred in Napa County and the action was commenced there. Concededly each of the defendants is a resident of Alameda County, and they have appealed from an order denying a change of venue upon that ground.

The statute in question defines certain acts giving rise to liability and then provides: "The expenses of fighting such fires shall be a charge against any person made liable by this act for damages caused thereby. Such charge shall constitute a debt of the person charged and shall be collectible by the party, or by the federal, state, county, or private agency incurring such expenses in the same manner as in the case of an obligation under a contract, expressed or implied." (§ 3.)

The action authorized by this section, say the defendants, is quasi contractual and its venue is fixed by the provision of section 395 of the Code of Civil Procedure which specifies that, except in those cases particularly enumerated, "the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action." The state takes the position that this is a suit upon a quasi contractual obligation, or contract implied in law, and comes within the following language of the same code section: "When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."

The place of trial for all actions not governed by constitutional mandate may be fixed by the Legislature. (*San Jose Ice & Cold Storage Co.* v. *San Jose,* 19 Cal.App.2d 62 [64 P.2d 1099]; *Perkins* v. *Winder,* 123 Cal.App. 467 [11 P.2d 394].) In enacting the statute upon which the present action is based, it directed that the expenses incurred in fighting fire ". . . shall be collectible . . . in the same manner as in the case of an obligation under a contract, expressed or implied." By this language, the enactment makes applicable to such an action the procedure governing a suit upon a contract, express or implied. It is immaterial, therefore, whether the statutory obligation for the expense of extinguish-

ing a fire is classified as one sounding in tort, or a quasi contract, or a liability in the nature of a penalty; the Legislature has fixed the amount that may be recovered under specified conditions and made applicable the procedure for suit upon a contract. As the fire started in Napa County and the expense of extinguishing it was incurred there, that is the place where the obligation was entered into and the motion for change of venue was properly denied.

The order is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.