Strafford,
No. 4225.

STATE *& a. v.* BOSTON & MAINE RAILROAD.

Argued March 2, 1954.

Decided May 19, 1954.

*Warren E. Waters,* Deputy Attorney General (by brief and orally), for the State.

*Errol S. Hall* (by brief and orally), for the town of Farmington.

*Cooper, Hall & Cooper* and *John M. Brant* (*Mr. Brant* orally), for the city of Rochester.

*Burns, Calderwood & Bryant* (*Mr. Bryant* orally), for the defendant.

KENISON, C. J. The motions for a nonsuit, a directed verdict and a judgment notwithstanding the disagreement of the jury are based

in part on the proposition that on all the evidence the jury could not properly find that the defendant's locomotive started any fire on the railroad right of way. In several cases where it has been found that the railroad started the fire, there was evidence of other fires caused by the railroad under similar circumstances. Since there is no such evidence in this case, it is said that these cases are distinguishable and cannot be used by the plaintiffs to avoid directed verdicts. *Boyce* v. *Railroad*, 43 N. H. 627; *Smith* v. *Railroad*, 63 N. H. 25; *Haseltine* v. *Concord Railroad*, 64 N. H. 545; *Bailey &c. Co.* v. *Railroad*, 78 N. H. 94. In 1908 in *Staples* v. *Railroad*, 74 N. H. 499, 500, appeared the following statement on which the plaintiffs rely: "The fact that locomotives frequently emit sparks which fall near the track causing fires, is some evidence that where the grass or undergrowth near a track is on fire and trains have passed along within an hour or two, the fire was caused by sparks from a locomotive. It is not a mere conjecture, but may be a reasonable inference from the facts proved." The defendant distinguishes that case as no longer controlling since the evidence discloses that most locomotives have been equipped with spark-arresters since 1920 as this locomotive was in this case. In 1928, however, when *Russell* v. *Railroad*, 83 N. H. 246, 249, was decided the same thought was expressed in the following language: "When a fire starts on the ground close to a railroad track soon after the passage of a train, it may be a legitimate inference that the fire was set by the locomotive." The defendant dismisses this as a *dictum* which is no longer authority under present conditions. In doing so, it overlooks the fact that it was recognized as late as 1947 that sparks from a locomotive may start a fire even though standard precautions are taken. *Glines* v. *Railroad*, 94 N. H. 299, 301.

It is true that there was evidence that overhauls, inspections and tests showed this locomotive's spark arrester and ash pan equipment to be in operating condition. Here, as in the *Glines* case, the locomotive was not shown to be defective. Defendant's expert testimony furnishes a basis for a jury to find that this locomotive did not set this fire but that is not the only inference they may draw from the evidence. II Wig. Ev. (3rd *ed.*) *s.* 453; anno. 18 A. L. R. (2d) 1081, 1092; *Hicks* v. *Chicago & N. W. Ry. Co.*, 215 Wis. 462, 469. There was no eye-witness to testify that the fire was, in fact, caused by the locomotive but that is not required as appears from *Emery* v. *Tilo Roofing Company*, 89 N. H.

165, 167. See *Bohan* v. *Company*, 98 N. H. 144. The condition of extreme drought, the inflammable condition of the railroad right of way, the absence of any other known fire-setting agency and the time sequence between the passing of the coal-burning locomotive and the fire are all factors which furnish a sufficient basis for a jury to conclude that the fire was started by the defendant's locomotive. *Russell* v. *Railroad, supra*; *Goodwin* v. *Boston & Maine Railroad*, 134 Me. 282, 284, 285.

The contention is made that even if the Court rules that there was evidence that the fire on the east side of the track was started by the defendant, there is no evidence that the fire on the west side of the track was started by the defendant. The behavior of this fire is a grim reminder that the progress of fire is not deterred by time, distance, highways, rights of way or the points of the compass. The fire burning on the west side was opposite the fire that the defendant's train crew unsuccessfully attempted to control. The wind was blowing generally toward the west side of the track and it could be found that there was a causal relation between them because of close proximity of location, time and distance.

The applicable statute provides as follows: "EXPENSES. All just and proper expenses incurred in extinguishing forest or brush fires caused by the railroad company or its employees shall be paid by such railroad company; but the fact that such payment has been made shall not be admissible as evidence that such fire was so caused." R. L., c. 300, s. 8. This statute was originally enacted in 1913 (Laws 1913, c. 155, s. 2) but has never been the subject of legal interpretation. Section 8 limits recoverable fire-fighting expense to "just and proper expenses" but contains no express limitation as to the area covered by the fire. The plaintiffs claim none were intended while the defendant insists its liability is limited to property along the line of the railroad which is reasonably exposed to the danger of fire. Since section 1, which has been in existence for more than a century, has been so limited in scope, it is urged a similar limitation should be placed on section 8. *Welch* v. *Railroad*, 68 N. H. 206; *Gordon* v. *Railroad*, 58 N. H. 396, 398; *Clark* v. *Railroad*, 78 N. H. 428. If section 8 is equated to section 1, it follows that the fire-fighting expenses in Rochester and some of the fire-fighting expenses in Farmington cannot be recovered because of the distance from the railroad's right of way.

The 1913 legislation which now appears in R. L., c. 300, ss. 4-11,

placed additional duties on the railroad to prevent fires and additional liability to pay for expenses incurred by others in extinguishing them if they were caused by the railroad company or its employees. The burdens imposed were not a duplication of the liability imposed by sections 1 to 3 of this chapter but,· on the contrary, imposed additional new liabilities. It is significant that while section 1 has been limited geographically to exposed property along the right of way, mainly because of the provisions of section 2 (*Welch* v. *Railroad, supra*) the liability under section 8 is unlimited geographically insofar as it relates to the expenses incurred in extinguishing fires caused by the railroad. If the fire was started by the railroad company or its employees, its liability for the resulting fire-fighting expenses is coextensive with the spread of the fire thus caused. The expenses incurred by the State and its municipalities in extinguishing fires stands on a different footing from liability for property destroyed or damaged by fire. We find nothing in the legislative history of the statutes relating to fire prevention and damage by railroads indicating a legislative intent to restrict recovery of fire-fighting expenses to inexpensive fires or to those confined to the railroad right of way or in close proximity thereto. *Cf. Perley* v. *Eastern Railroad Co.*, 98 Mass. 414.

Exception was taken to the failure of the Court to charge the jury that the high wind of October 23 constituted an intervening cause which relieved the defendant from liability for expenses of fighting the fire in Rochester. The plaintiffs were not required to prove negligence in order to recover since the statute imposes liability if the fire was "caused by the railroad company." R. L., c. 300, s. 8. However the intensity of the wind may be characterized on the evidence in this case, it was not an intervening cause unless it was of such extraordinary force as to constitute an act of God. *Dippold* v. *Cathlamet Timber Co.*, 111 Ore. 199, 209. At least in the northern latitude of Vermont and New Hampshire "we know no winds which can be counted on to blow for any length of time with a force and direction practically unvaried . . . Such winds . . . are not intervening agents." *Ide* v. *Boston & Maine R. R.*, 83 Vt. 66, 81. The wind was at most a concurring cause for the spread of the fire which did not relieve the railroad of its statutory liability. Anno. 18 A. L. R. (2d) 1081, 1098; *Brady* v. *Waccamaw Lumber Co.*, 175 N. C. 704. If the jury finds that the defendant caused the fire, foreseeability as to the expense of

extinguishment is not an element for consideration. The Court correctly instructed the jury that "the mere fact that the defendant railroad neither foresaw nor should have foreseen the extent of the harm does not prevent the defendant from being liable if you find that the defendant or its employees did cause the fire and it extended onto other property in Farmington and Rochester." *Tullgren* v. *Amoskeag Mfg. Co.*, 82 N. H. 268; *Brackett* v. *Corporation*, 87 N. H. 173.

The same considerations apply to the requested instruction that the contributory negligence of the town of Farmington in fighting the fire was an intervening cause of the fire extending into Rochester. Contributory negligence does not apply to this case. *Rowell* v. *Railroad*, 57 N. H. 132; 1 Shearman & Redfield, Negligence (Rev. *ed.*) 209 note. See *Laird* v. *Railroad*, 62 N. H. 254; Prosser, Torts 358. However, the conduct of the plaintiffs may be considered on the question of what expenses were "just and proper" within the meaning of R. L., *c.* 300, *s.* 8.

The long established principle that the Legislature may constitutionally impose absolute liability on railroads for fire damage caused by its locomotives (*Smith* v. *Railroad*, 63 N. H. 25; *Boston Ice Co.* v. *Railroad*, 77 N. H. 6) is equally applicable to the provisions of R. L., *c.* 300, *s.* 8, imposing liability on railroads to pay the expenses of extinguishing fires caused by them. The fact that this statute has not been the subject of appellate litigation is no reason to construe it strictly or imply an obligation of negligence where none is expressed in the statute. *Cf. Hoebee* v. *Howe,* 98 N. H. 168; Mass. Anno. Laws, *c.* 160. *s.* 241.

The plaintiffs sought to introduce evidence of other fires caused by the defendant but the evidence in the offer of proof was excluded as being too indefinite. Since the disagreement of the jury necessitates a new trial, there is no occasion to consider its admissibility as then presented. If an offer of proof as to other fires is made definite and the Court finds that the conditions attending the other fires were substantially similar such evidence would be admissible. *Bailey &c. Co.* v. *Railroad,* 78 N. H. 94, 98; *Lovett* v. *Railway,* 85 N. H. 345, 352.

*Remanded.*

All concurred.