Rockingham,
No. 4463.

PORTSMOUTH *v.* CAMPANELLA & CARDI CONSTRUCTION CO.

Argued May 1, 1956.

Decided July 6, 1956.

*Thomas E. Flynn*, city solicitor, and *John DeCourcy* (*Mr. DeCourcy* orally), for the plaintiff.

*McCabe & Fisher* and *Harold D. Moran* (*Mr. Moran* orally), for the defendant.

DUNCAN, J.   The major issue presented by the briefs of the parties is whether the expenses attributable to extinguishment of the brush fires in question by the regular firemen and equipment of an organized city fire department are "expenses" which the city is entitled to recover under the statute.   RSA 224:28.   The Trial Court denied the plaintiff's request for a ruling that the defendant's failure to obtain permits made it liable, and ruled that the statutory liability did not "extend to" the expenses sought to be recovered.

Legislation providing for the effective protection of forests from fire had its beginnings in Laws 1905, *c.* 97, and establishment of the present centralized "state system of forest protection" came in 1909.   Laws 1909, *c.* 128.   Provisions creating liability to a town for expenses incurred in extinguishing forest fires, kindled without a permit or caused by negligence, made their appearance in 1927. P. L., *c.* 191, *s.* 35, as amended by Laws 1927, *c.* 50, *s.* 1.   In their present form those provisions are as follows:

"LIABILITY FOR FIRES WITHOUT PERMIT.   Any person causing or kindling a fire without permit of the forest fire warden, when such permit is required, and any person by whose negligence or the negligence of his agents any fire shall be caused, shall be liable in a civil action for the payment to the town, or the state or both, of the expenses incurred by the forest fire warden or deputy warden in attending or extinguishing such fire.   The items of expense of said fire shall be approved in writing by the state forester."   RSA 224:28.   By virtue of RSA 21:5 this statutory liability runs to cities as well as towns.

When the state forest protection system came into being, provision for firewards and firemen in towns had long been in effect. P. S., *c.* 115.   For half a century at least firewards had been vested with "the control of all fire engines and fire apparatus . . . and of all persons whose duty it is to aid in extinguishing fires."   P. S.,

*c*. 115, *s*. 2. See R. S. (1842) *c*. 111, *s*. 3. They were likewise charged with the control and extinguishment of any fire. P. S., *c*. 115, *s*. 6. These duties remain unchanged today (RSA 154:2, 7), and the legislation relating to protection against forest fire has shown no purpose to encroach upon the authority or duties of the firewards. In 1911 it was expressly provided that the authority of forest fire wardens should "not interfere with the authority of chiefs of city fire departments." Laws 1911, *c*. 166, *s*. 7; RSA 224:11.

At the trial of the cases now before us, it appeared that the chief of the Portsmouth fire department was also the Portsmouth forest fire warden. Certain of his testimony as to the capacity in which he acted with respect to the fires in question was received over the plaintiff's objection, and in general was inconclusive if not confusing in this regard. However, the issue presented by these actions turns upon interpretation of the statutes, rather than upon the testimony of this witness.

The ruling of the Trial Court that the defendant was required to have a permit for the burning operations was warranted by the evidence. Such permits are required when "any material" is to be burned "in or near woodlands, pasture, brush, sprout, waste, or cutover land . . . except when the ground is covered with snow." RSA 224:27 (b). There was evidence that the ground was not covered with snow at the time of the fires, and there was little question that they occurred "in or near" land of the type specified by section 27 (b).

Fires occurring on such lands are to be deemed "brush and forest fires" within the meaning of RSA 224:11, which charges forest fire wardens and their deputies with the duty of extinguishing such fires, and authorizes them to "call such assistance as [they deem] necessary, [and to] require the use of vehicles or other equipment and property for that purpose." *Id*. Thus it is plain that the chief of the Portsmouth department, in his capacity as warden, was authorized to require assistance in the extinguishment of the fires in question.

The evidence establishes however that no assistance was required for the extinguishment of any of the fires beyond that provided by the established, organized fire department of Portsmouth, on duty at the times when the various fires occurred. There is no evidence of any occasion when the chief undertook to exercise his statutory authority as warden (RSA 224:11, *supra*), or his more

limited authority as fireward (RSA 154:7), to summon aid.

As chief of an organized city department, he and the firemen on duty were charged with extinguishing "any fire" within the limits of the city. RSA 154:7, *supra*. This duty must be considered to have extended to fires of any description, including brush and forest fires. No suggestion is found in the statutes of any legislative intent that an organized fire department, equipped to deal efficiently with fire, should be without responsibility as to brush or forest fires. We therefore conclude that in extinguishing the fires which occasioned these suits, the Portsmouth chief and his department acted solely in the discharge of their duties as firewards.

Had the fires required the assistance of off-duty, or volunteer firemen, or of other persons, not regular firemen, called upon for assistance as provided in RSA 224:11, the expense of the supplemental assistance so required might have come within the provisions of section 28 of the statute. For expenses thus incurred for either manpower or equipment called by the warden to aid the regular force of the organized department, the person kindling a fire without a permit would be liable. But liability is not imposed by the statute for expenses attributable to use of the regular equipment and manpower of an established city department on duty when called. A warden who is a regular fireman on duty with an organized department, even if chief, attends a fire in pursuance of his contract with the city, as do the other firemen on duty. See *Clark* v. *Railroad*, 78 N. H. 428, 432. By doing so, he incurs no expense as warden, and the cost of such firefighting service does not constitute "expenses incurred by the forest fire warden or deputy warden in attending or extinguishing such fire" within the meaning of the statute. RSA 224:28, *supra*. On the other hand, if the warden has occasion to summon additional aid for a brush or forest fire, he may be found to have incurred expense which the town or city must satisfy (RSA 224:16, 17) and which it may in turn recover over from any person who has caused the fire, either negligently, or without permit. S. 28. No expenses of this character were incurred by the warden in these cases.

Under the circumstances, receipt in evidence over objection by the plaintiff of the testimony of the chief, that the pending actions were not "brought on [his] behalf . . . to recover expenses incurred by [him] as Fire Warden" but rather as "Fire Chief," cannot be held to invalidate the verdicts. It is plain that when the witness

attended the fire he occupied a dual capacity; but the defendant's liability depends upon what was done, rather than upon the witness' opinion as to the capacity in which he acted. Had he answered that the expenses were incurred by him as warden, the result under the statute would have been the same. The expenses did not in fact arise out of his attendance as a warden, nor were they incurred in exercise of his authority as warden to summon aid. His testimony was nevertheless admissible in the Court's discretion, upon the ground that it would probably aid the Court. *Dowling* v. *Shattuck*, 91 N. H. 234, 236.

In view of our interpretation of the statute, other evidentiary rulings to which exception was taken required no consideration.

Since the defendant's liability does not extend to the cost involved in extinguishing the fires in question the order is

*Judgment on the verdicts.*

All concurred.