**PEOPLE OF the STATE OF CALI-FORNIA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 17534.

United States Court of Appeals Ninth Circuit.

Sept. 20, 1962.

Stanley Mosk, Atty. Gen. for State of Cal., John M. Morrison, and Robert H. Connett, Deputy Attys. Gen., Sacramento, Cal., for appellant.

William H. Orrick, Jr., Asst. Atty. Gen., Alan S. Rosenthal, and Stanley M. Kolber, Attys., Dept. of Justice, Washington, D. C., and Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before BARNES and HAMLIN, Circuit Judges, and HODGE, District Judge.

HODGE, District Judge.

This is an appeal from a judgment of the District Court dismissing appellant's action for lack of jurisdiction over the subject matter. Appellant filed its "complaint for damages" under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), to recover expenses incurred by the State of California in suppressing an uncontrolled fire on land within the State in the sum of $11,128.76. The complaint alleged that employees of the United States Forest Service set fire to flammable vegetation on land owned and controlled by the United States within the Klamath National Forest in connection with a land clearance reforestation project, that said agents and employees of the United States failed to exercise reasonable care and were negligent in failing to control the' fire; as a proximate result of which negligence there resulted an uncontrolled fire upon land covered by timber, grass, brush and other flammable vegetation "not owned by the United States," by reason of which the State, through its State Forester and Division of Forestry, Department of Natural Resources, incurred the expenses complained of. The action was also based upon the provisions of the California Health and Safety Code, Sections 13007 to 13009 inclusive. The pertinent parts of Section 1346(b) and the Health and Safety Code are set forth in the margin herein.[1]

Appellee filed motion to dismiss the action for lack of jurisdiction over the subject matter on the grounds that the complaint is based upon a claim in excess of $10,000.00 which sounds in implied contract and is therefore beyond the jurisdiction of the court under the Tucker Act, Section 1346(a), Title 28 U.S.C.A. The State resisted the motion

---

1. 28 U.S.C.A. § 1346(b) provides as follows:

"* * * the district courts, * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for injury or loss of property, * * * caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Sections 13007 to 13009 of the Health and Safety Code of the State of California provide as follows:

"§ 13007. Any person who personally or through another wilfully, negligently, or in violation of law, sets fire to, allows fire to be set to, or allows a fire kindled or attended by him to escape to, the property of another, whether privately or publicly owned, is liable to the owner of such property for any damages to the property caused by the fire.

"§ 13008. Any person who allows any fire burning upon his property to escape to the property of another, whether privately or publicly owned, without exercising due diligence to control such fire, is liable to the owner of such property for the damages to the property caused by the fire.

"§ 13009. The expenses of fighting any fires mentioned in Sections 13007 and 13008 are a charge against any person made liable by those sections for damages caused by such fires. Such charge shall constitute a debt of such person, and is collectible by the person, or by the federal, state, county, or private agency, incurring such expenses in the same manner as in the case of an obligation under a contract, expressed or implied."

upon the grounds that the liability imposed by the California statute is essentially tortious because it is grounded upon negligence. The court found that it was unnecessary to consider these questions for the reason that the Federal Tort Claims Act does not confer jurisdiction upon the court to entertain the State's claim regardless of whether it sounds in contract or in tort, as the relevant portion of the Act provides that the District Courts shall have exclusive jurisdiction of civil actions on claims against the United States for money damages only *"for injury or loss of property"* caused by the negligent or wrongful act or omission of an employee of the Government. Appellant urges that this construction of the statute was error.

The appeal presents a question of first impression as to whether suit may be brought against the United States upon a claim for recovery of expenses incurred by a State agency in suppressing a fire negligently set and allowed to escape to private property, which, in turn, requires an interpretation of the Tort Claims Act and a consideration of the law of the State of California as it relates to such claim.

■ We note, first, the fundamental principle that, whether the action be a contractual claim or one in tort, suit may be maintained against the United States only to the extent that the Government has waived its sovereign immunity and consented to suit. Drake v. Treadwell Construction Company, (C.A.3, 1962) 299 F.2d 789. Also the express language of the Tort Claims Act granting relief for any damages "for injury or loss of property, or personal injury or death."

Both parties devoted considerable argument upon the question of whether or not this action is founded in contract or in tort. It will be observed that Sections 13007 and 13008 of the California statute provide a remedy in damages to the owner of property caused by a fire negligently set or negligently failed to control, whereas Section 13009 provides that the expenses of fighting such fires are a charge against any person made liable by the preceding sections, which charge

"shall constitute a debt of such person, and is collectible by the person, or by the federal, state, county, or private agency, incurring such expenses in the same manner as in the case of an obligation under a contract, expressed or implied."

■ The District Court of Appeal of the Third District of California in the case of People v. Zegras, 165 P.2d 541, in considering the language of an identical prior statute since incorporated in the Health and Safety Code, expressly held that the expense incurred by the State in suppressing a fire is founded upon an implied contract imposing a personal liability for debt. The Supreme Court of the State of California on an appeal from such decision in People v. Zegras, 29 Cal.2d 67, 172 P.2d 883, affirmed this decision but limited its opinion to the question of procedure, the case involving a motion for change of venue, and held that the language of the statute makes applicable to such an action the procedure governing a suit upon a contract, express or implied, and that

"It is immaterial, therefore, whether the statutory obligation for the expense of extinguishing a fire is classified as one sounding in tort, or a quasi-contract, or a liability in the nature of a penalty; * * *."

But whether the action is founded in tort or on contract the District Court had no jurisdiction in either case, for if in tort the complaint does not claim an "injury or loss of property;" and if on contract the action is beyond the jurisdictional limit of the court.

Appellant relies upon the principle announced in Rayonier, Inc. v. United States, 352 U.S. 315, 77 S.Ct. 374, 1 L. Ed.2d 354; Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152; Indian Towing Co. v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48; and Arnhold v. United States, (C.A.9) 284 F.2d 326, that the test established by the Tort Claims Act for determining

the United States' liability is whether a private person would be responsible for similar negligence under the law of the state where the acts occurred.[2] Such liability, however, must be restricted to the jurisdictional provisions of the statute, 28 U.S.C.A. § 1346(b), which limits the jurisdiction of civil actions on claims against the United States for money damages "for injury or loss of property."

In Rayonier, Inc. v. United States, the Supreme Court held that the United States is not immune from liability for negligence of employees of the Forest Service in fighting a fire, if in similar circumstances a private person would be liable under the laws of the State of Washington, in which the fire occurred. The action, however, involved the destruction of "timber, buildings and other property some of which belonged to the petitioners," and is not authority for the proposition here considered.

Feres v. United States involved the question of liability under the Act for injuries to service men arising out of and in the course of military service and holds that the Tort Claims Act should be construed to fit so far as will comport with its words into the entire system of remedies against the Government. Indian Towing Company v. United States likewise involves an action for damages to property, being the Tug Navajo, due to negligence of the Coast Guard in the operation of a lighthouse. The case of Arnhold v. United States, with which is consolidated Rayonier, Inc. v. United States, decided by this Court in 1960, was an appeal from the District Court from a decision dismissing the case following the remand by the Supreme Court, and reaffirms the proposition that under the Federal Tort Claims Act we have to determine whether the United States, if it had been a private party, would have been liable for the losses under the Washington law; but this case again relates to damages to property, not expenses in fighting a fire.

In fact, we are unable to find a single instance in the history of litigation involving the Tort Claims Act where recovery was permitted in the absence of injury to person or property.

Appellant also contends that Section 1346(b) does not require an injury to property in the sense contended by appellee but that any interest in lands is sufficient, citing Oman v. United States, 10 Cir., 179 F.2d 738; but no such claim is made in the complaint in this case.

Appellant further contends that aside from the Health and Safety Code it has a claim under the common law, referring to United States v. Chesapeake & O. Ry. Co., 4 Cir., 130 F.2d 308. This case holds that the federal government is entitled to recover expenses incurred in fighting a fire under a Virginia fire suppression cost act and also to relief in tort upon the principle that the owner of property is entitled to such protection against the "evident danger of the destruction of his property." This principle, however sound, cannot apply in actions against the Government by reason of the limited jurisdiction conferred by the Tort Claims Act.

Finally, appellant asserts for the first time on appeal, that the State was acting to protect its property, being the natural resources of the State, such as fish and game in the area, from destruction by an uncontrolled fire, and requests leave to amend its complaint to plead expenses incurred for such purpose. Any such claim would still not constitute a claim for damage or injury to property within the meaning of the Act.

We find it unnecessary to consider, in view of the above, the question of whether or not the claim comes within any of the exceptions to the Tort Claims Act provided by Section 2680 of Title 28.

The judgment of the District Court dismissing the action is affirmed.

2. See also Section 2674, Title 28 U.S.C.A., which provides that:
"The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances * * *."