[Civ. No. 11066.   Third Dist.   Mar. 4, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT WILSON, Defendant and Appellant.

Bradford, Cross, Dahl & Hefner and William A. Wilson for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Robert H. Connett, Deputy Attorney General, for Plaintiff and Respondent.

REGAN, J.—In this judgment roll appeal the sole question is whether the action commenced by the State of California to recover fire suppression costs is barred by the statute of limitations.

On December 3, 1959, a fire, which was negligently set by defendant on his own land, spread to land owned by neighboring property owners. There was no allegation nor proof that the fire burned or threatened any property owned by the plaintiff, the State of California. Plaintiff incurred expenses in attempting to suppress the fire on the neighboring property. On March 27, 1962 (over two years later), plaintiff filed this action seeking to recover $14,772.29 fire suppression expenses. Defendant raised the defense of the statute of limitations by demurrer and answer. The jury awarded plaintiff the sum of $1,000. Defendant's motion for a judgment notwithstanding the verdict on the grounds that the action was barred by the statute of limitations was denied. Plaintiff moved the court for a new trial which was granted. This appeal is from the order granting plaintiff a new trial and from the order denying defendant's motion for a judgment notwithstanding the verdict.

Plaintiff relies on sections 13007, 13008 and 13009 of the Health and Safety Code to support its right to recovery.

Section 13007 provides: "Any person who personally or through another wilfully, negligently, or in violation of law, sets fire to, allows fire to be set to, or allows a fire kindled or attended by him to escape to, the property of another, whether privately or publicly owned, is liable to the owner of such property for any damages to the property caused by the fire."

Section 13008 provides: "Any person who allows any fire

burning upon his property to escape to the property of another, whether privately or publicly owned, without exercising due diligence to control such fire, is liable to the owner of such property for the damages to the property caused by the fire.''

Section 13009 provides: ''The expenses of fighting any fires mentioned in Section 13007 and 13008 are a charge against any person made liable by those sections for damages caused by such fires. Such charge shall constitute a debt of such person, and is collectible by the person, or by the federal, state, county, or private agency, incurring such expenses in the same manner as in the case of an obligation under a contract, expressed or implied.''

Section 338, subdivision 1, of the Code of Civil Procedure provides that an action upon a liability created by a statute, other than a penalty or forfeiture, shall be brought within three years.

Section 339, subdivision 1, of the Code of Civil Procedure provides that an action upon a contract, obligation or liability not founded upon an instrument of writing shall be brought within two years.

We conclude that section 339, subdivision 1, of the Code of Civil Procedure is the controlling statute in this case.

''A liability created by statute is one in which no element of agreement enters. It is an obligation which the law creates in the absence of an agreement.'' (*Gardner* v. *Basich Bros. Constr. Co.*, 44 Cal.2d 191, 194 [281 P.2d 521]; see also *Higby* v. *Calaveras County*, 18 Cal. 176; *Raymond* v. *Christian*, 24 Cal.App.2d 92, 115 [74 P.2d 536].) It is noted in 1 Witkin, California Procedure (1954) Actions, section 146, page 654, that section 338, subdivision 1, of the Code of Civil Procedure ''applies only where the liability is embodied in a statutory provision *and* was of a type which did not exist at common law.''

Pursuant to section 13009 of the Health and Safety Code the expenses of fighting fires mentioned in sections 13007 and 13008 which negligently escape from the lands of another shall constitute a debt of such person which is collectible by the person or public agency incurring such expenses as in the case of an obligation under a contract, express or implied. No case has been cited, and we have found none, which permits, in the absence of a statute, the recovery of fire suppression expenses by one not protecting his own property. (See Note 90 A.L.R.2d 873.) Thus, recovery for fire suppression ex-

penses by a state or other public agency is a creature of statute.

Appellant contends that the words of the statute (13009), stating that the expenses of fire suppression shall constitute a debt and shall be collectible in the same manner as in the case of an obligation under a contract express or implied, indicate a legislative intent to impose a contractual liability which is governed by a statute of limitations relating to contract. With this contention we agree, on the express authority of *People* v. *Zegras,* 29 Cal.2d 67 [172 P.2d 883]. The question there presented was the proper venue of an action to recover fire suppression expenses and the court said at pages 68-69:

"The statute in question defines certain acts giving rise to liability and then provides: 'The expenses of fighting such fires shall be a charge against any person made liable by this act for damages caused thereby. Such charge shall constitute a debt of the person charged and shall be collectible by the party, or by the federal, state, county, or private agency incurring such expenses in the same manner as in the case of an obligation under a contract, expressed or implied.' (§ 3.)

"The action authorized by this section, say the defendants, is quasi contractual and its venue is fixed by the provision of section 395 of the Code of Civil Procedure which specifies that, except in those cases particularly enumerated, 'the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action.' The state takes the position that this is a suit upon a quasi contractual obligation, or contract implied in law, and comes within the following language of the same code section: 'When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary.'

". . . In enacting the statute upon which the present action is based, it directed that the expenses incurred in fighting fire '. . . shall be collectible . . . in the same manner as in the case of an obligation under a contract, expressed or implied.'

By this language, the enactment makes applicable to such an action the procedure governing a suit upon a contract, express or implied. It is immaterial, therefore, whether the statutory obligation for the expense of extinguishing a fire is classified as one sounding in tort, or a quasi contract, or a liability in the nature of a penalty; the Legislature has fixed the amount that may be recovered under specified conditions and made applicable the procedure for suit upon a contract. As the fire started in Napa County and the expense of extinguishing it was incurred there, that is the place where the obligation was entered into and the motion for change of venue was properly denied.''

█ A statute of limitations in a civil case is ordinarily procedural. It affects the remedy only, not the substantive right or obligations. (*Mitchell* v. *Automobile etc. Underwriters*, 19 Cal.2d 1, 4 [118 P.2d 815, 137 A.L.R. 923]; 1 Witkin, Cal. Procedure (1954) Actions, § 85, p. 590; *Niagara Fire Ins. Co.* v. *Cole*, 235 Cal.App.2d 40 [44 Cal.Rptr. 889].) It would be an anomaly to say that in an action under the fire suppression statutes the Legislature has made applicable the procedure for a suit upon a contract as to venue but not as to the statute of limitations.' The language of the statute while ambiguous is clarified by the construction placed upon it by the *Zegras* case, *supra*, and we must hold that this action is controlled by the statute of limitations pertaining to contract, namely section 339, subdivision 1, of the Code of Civil Procedure.

█ Since the action was barred by the statute of limitations, it was error to grant plaintiff's motion for a new trial because of inadequacy of damages. Defendant's motion for judgment notwithstanding the verdict on the ground that the action was barred should have been granted. (Accord *Jensen* v. *Sprigg*, 84 Cal.App. 519, 522 [258 P. 683].)

We reverse both orders with directions to the trial court to enter its order granting defendant's motion for judgment notwithstanding the verdict.

Pierce, P. J., and Friedman, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 27, 1966.