**ALLENTON VOLUNTEER FIRE DEPARTMENT, a Wisconsin corporation, Plaintiff,**

v.

**SOO LINE RAILROAD COMPANY, a foreign corporation, Defendant.**

**No. 72–C–290.**

United States District Court, E. D. Wisconsin.

Jan. 31, 1974.

Zafis, Rummel & Cahill by A. J. Zafis, Oconomowoc, Wis., for plaintiff.

Whyte, Hirschboeck, Minahan, Harding & Harland by Reginald W. Nelson, Milwaukee, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

This action, which was begun in state court and subsequently removed here, seeks recovery of the plaintiff's alleged costs for extinguishing three fires involving the defendant's trains. Liability is asserted on theories of implied contract and quasi-contract. In lieu of trial, the parties have submitted the liability issue for final resolution on the basis of stipulated facts, exhibits and briefs.

The plaintiff is a non-stock, non-profit corporation operating as a volunteer fire department in the unincorporated community of Allenton. At the time of the fires in question, the plaintiff was under contract with the Township of Addison, which includes Allenton, "to furnish fire protection to residents and property in the Town of Addison". The fires in question occurred within the township and, in two of the three cases, apparently were confined to property of the defendant, a foreign corporation. The third fire was a grass fire believed to have started on the defendant's right-of-way.

The question presented is whether a non-resident beneficiary of a fire department's services is obligated to pay for those services. It is agreed that there is no statutory authority for recovery as a general proposition. It is also agreed that there is no definite state court ruling in Wisconsin either allowing or prohibiting such recovery. Furthermore, the plaintiff has not offered any other jurisdiction's case law in support of its proposition. Indeed, only two cases on the topic of charging for fire suppression expenses have been discussed by the parties, and both have rejected the plaintiff's position in the absence of a statute authorizing recovery. People v. Wilson, 240 Cal.App.2d 574, 49 Cal.Rptr. 792 (1966); Portsmouth v. Campanella & Cardi Construction Co., 100 N.H. 249, 123 A.2d 827 (1966). In the *Wilson* case, the court stated:

> "No case has been cited, and we have found none which permits, in the absence of a statute, the recovery of fire suppression expenses by one not protecting his own property. (See note 90 ALR 2d 873.) Thus, recovery for fire suppression expenses by a state or other public agency is a creature of statute." 49 Cal.Rptr. at 794.

Wisconsin does have some statutory provisions imposing various types of liability for fires on railroads in certain circumstances. Wis.Stat. § 26.20(9) provides for civil penalties for failure to comply with the standards imposed by § 26.20. Section 26.21 allows owners of land who suffer property losses as a result of such failures to bring civil actions for double damages in some instances. See also Wis.Stat. § 192.44. Most important, however, is the provision of § 26.21 which creates liability to the state for damages to state land and for "all expenses incurred by the towns fighting such fires." While it is not suggested that § 26.21 is applicable here, the fact that the legislature specifically authorized recovery of fire-fighting expenses in special aggravated circumstances strongly suggests that a right of recovery was not contemplated as a general rule.

The plaintiff contends that § 213.05 of the statutes grants fire companies all the powers of a corporation and, therefore, that the plaintiff has the power to engage in the services for which it was organized and to charge for those services. Absence of specific statutory authority to so charge is said to be irrelevant in view of the general authority alleged to exist in the state non-stock corporation law, chapter 181 of the statutes, and the absence of an express statutory prohibition against such charges.

■ I find the plaintiff's position, regardless of the view taken with respect to the above described arguments, to be unpersuasive. Even if the plaintiff's argument that recovery of fire suppression expenses is not precluded in the absence of statutory prohibition is correct, which is doubtful, it does not follow that this fire department is the proper party to pursue such a claim.

Wis.Stat. § 60.29(18) and (18m) creates an affirmative duty on the part of *towns* to provide for a fire department, apparatus and equipment for the purpose of "extinguishing fires in such towns". The town can satisfy this requirement in one of three ways: establish its own fire department, pay for the services of other fire departments responding to calls within the town, or contract with another body for such services. Rockwood Volunteer Fire Dept. v. Kossuth, 260 Wis. 331, 333, 50 N.W.2d 913 (1951).

In this case, the town opted for the third alternative. The town paid the plaintiff to fulfill its responsibility to provide fire protection. In fighting the fires at issue here, the plaintiff was doing no more than discharging its contractual obligation to the town. Whether and to what extent the non-resident defendant contributes to the town's resources for the purpose of providing fire protection is irrelevant to the plaintiff's claim. By contract, the plaintiff has committed itself to look to the town for compensation.

Finally, I do not believe the question of whether the defendant's agent or someone else notified the fire department affects the result reached. If the notification is deemed a request for fire services rather than a report of a fire, it still has no bearing, at least as far as this plaintiff is concerned. Similarly, the admittedly gratuitous payments made by the defendant to responding fire companies in the past simply cannot create a legal obligation to the plaintiff in this case.

Therefore, it is ordered that judgment be entered for the defendant dismissing this action on the merits with costs.