Town of Howard, Respondent, v. Soo Line Railroad Company, Appellant.

*No. 345. Submitted under sec. (Rule) 251.54 April 3, 1974.—Decided May 7, 1974.*
(Also reported in 217 N. W. 2d 329.)

The cause was submitted for the appellant on the brief of *Roy S. Wilcox* and *Wilcox & Wilcox*, all of Eau Claire, and for the respondent on the brief of *Russell R. Falkenberg* of Cadott.

HALLOWS, C. J. The complaint alleges the Soo Line was negligent in the operation of its train and thereby caused live sparks to be emitted from the locomotive which "alighted on the land of said town" causing a large grass fire. A stipulation of facts was entered into

which stated that on April 25, 1969, sparks from a Soo Line locomotive negligently caused the fire to be spread on land adjoining the railroad's right-of-way causing a large grass fire in the town of Howard. It was also stipulated the town of Howard had no fire-fighting facilities of its own but satisfied its statutory duty to furnish fire protection by contracting with the Chippewa rural fire department to furnish such protection at a prefixed rate per hour of service. Under this contract, the Chippewa rural fire department responded to a call to extinguish the fire caused by the Soo Line and made a charge to the town of Howard of $750 therefor. The Soo Line in the stipulation admitted its negligence in causing a large grass fire. It admitted it paid no taxes directly to the town of Howard but was required and does pay taxes to the state of Wisconsin. Based upon this stipulation and the argument that the large grass fire was not a forest fire, Soo Line sought summary judgment dismissing the complaint on the ground it was not liable to pay $750 for extinguishing the fire either as a direct tax, special assessment or service charge.

On this appeal Soo Line contends the fire-fighting charge is illegal as a tax and is prohibited by sec. 76.23, Stats.,[1] which exempts railroads from taxation excepting those imposed by the state. This exemption was upheld in *Milwaukee & St. Paul Ry. Co. v. Supervisors of Crawford County* (1871), 29 Wis. 116, but this is not the point in the case because the town of Howard does not purport to tax the Soo Line directly or indirectly, nor does the town of Howard propose that its claim is a

[1] "The taxes imposed by this chapter upon the property of the companies defined in section 76.02 [railroad companies are included by sec. 76.02 (2)] shall be in lieu of all other taxes on such property necessarily used in the operation of the business of such companies in this state, except that the same shall be subject to special assessment for local improvements in cities and villages. . . ."

special assessment for which, if valid, the Soo Line concedes it would be liable. *See:* Sec. 66.64; *City of Superior v. Lake Superior Terminal & Transfer Ry. Co.* (1913), 152 Wis. 389, 140 N. W. 26.

Soo Line argues any liability for the cost of extinguishing a negligently set fire must be imposed by statute as there is no common-law liability permitting a town to charge a railroad for such services or to recover for fire suppression expenses. This proposition seems to be supported by *People v. Wilson* (1966), 240 Cal. App. 2d 574, 49 Cal. Rptr. 792; *State v. Railroad* (1954), 99 N. H. 66, 105 Atl. 2d 751, and *United States v. Chesapeake & O. Ry. Co.* (4th Cir. 1942), 130 Fed. 2d 308. The town of Howard argues it is not taxing Soo Line directly or indirectly, is not levying a special assessment but is only attempting to recoup its financial expenditures incurred by reason of suppressing a fire negligently caused by the railroad. In doing this, it is merely following a policy of billing negligent nontaxpayers and taxpayers for the reasonable and necessary cost of fire fighting which it paid under a contract to the Chippewa rural fire department. The town of Howard rests its claim, as did the trial court, upon the fact the fire was a forest fire for which the railroad is claimed to be liable under sec. 26.21, Stats.[2] This section allows the United States, the state, county, or private owner whose property is injured by a forest fire to recover double damages. The section also creates a liability for a person causing fires

[2] "26.21 **Civil liability for forest fires.** In addition to the penalties provided in s. 26.20, the United States, the state, the county or private owners, whose property is injured or destroyed by . . . [forest] fires, may recover, in a civil action, double the amount of damages suffered, if the fires occurred through wilfulness, malice or negligence. Persons causing fires in violation of this chapter shall be liable to the state in an action for debt, to the full amount of all damages done to the state lands and for all expenses incurred by the towns fighting . . . [forest] fires."

in violation of the chapter, but this liability is to the state to be enforced in an action for debt. The amount of recovery, as we read the statute, is "to the full amount of all damages done to the state lands and for all expenses incurred by the towns fighting such fires." Assuming the fire in question to be a forest fire, it is apparent the trial court was in error in placing liability upon this section. Nowhere in this section is liability created in favor of a town. The town's expense of fighting a fire is restricted to state lands and recoverable by the state. Furthermore, this section creates a liability in favor of the owner of the damaged land and the stipulation is devoid of stating who owns the lands in question—it merely states the land was in the town of Howard. True, the complaint alleges "on the land of the town of Howard" but this is an allegation and not evidentiary proof required by a motion for summary judgment.

However, sec. 26.14 (8) (b), Stats.,[3] creates liability upon any person who sets a fire which becomes a forest fire for all expenses incurred in the suppression of such fire. This section applies to the town in which the forest fire occurs. If the fire in the instant case constituted a forest fire, this section would be applicable to place liability on these facts upon Soo Line. This view is taken by the attorney general in 45 Op. Atty. Gen. (1956), 17. If the fire is less than or not a forest fire, there is no liability under this section.

The dispositive question is whether or not this case involved a forest fire. A forest fire is defined in sec.

---

[3] "26.14 Forest fires, law enforcement, police power of wardens, compensation, penalties, civil liability . . . (8) (b) Any person who shall set fire on any land and allow such fire to escape and become a forest fire, shall be liable for all expenses incurred in the suppression of such fire by the state or town in which such fire occurred. . . ."

26.11 (2), Stats.,[4] as "uncontrolled, wild, or running fires occurring on forest, marsh, field, cutover or other lands." Although the trial court concluded and the town of Howard argues a forest fire is involved in this case, this court cannot make the jump from the complaint and the stipulation of facts that a "large grass fire" is necessarily a forest fire. Nowhere in the record is there any fact stipulated, proved, or admitted that the large grass fire was uncontrolled, wild, or running. The stipulation does not state whether the fire was on forest land, marsh, field, cutover or other lands. All we know from the record is that there was a large grass fire. We do not know whether the land was owned by the state so that the state would be the proper plaintiff under sec. 26.21, or by the town of Howard, which would be a proper plaintiff under sec. 26.14. We think there is an insufficiency of facts in the record for any court to conclude a forest fire was involved. It may be that the attorneys and the parties know the facts, but whatever the evidentiary facts of the fire are, they are not in the record in affidavit form, which is a prerequisite upon which to base a motion for summary judgment.

Since the stipulation is insufficient for a court to determine the question of law attempted to be presented, the issue should be tried. The ambiguity of the term "large grass fire" in reference to the definition of a forest fire cuts both the argument of the Soo Line and the town of Howard. On this record, we hold the trial court was correct in denying the motion for summary judgment

[4] "26.11 Forest fires; department jurisdiction; procedure. . . .
"(2) The term 'forest fire' as used in this chapter means uncontrolled, wild, or running fires occurring on forest, marsh, field, cutover or other lands or involving farm, city or village property and improvements incidental to the uncontrolled, wild or running fires occurring on forest, marsh, field, cutover or other lands."

of the Soo Line but in error in granting judgment to the town of Howard under sec. 270. 635, Stats.

*By the Court.*—Judgment reversed, and the cause remanded for further proceedings.