TOWN OF FREETOWN *vs.* NEW BEDFORD WHOLESALE
TIRE, INC., & others.[1]

Bristol.  April 6, 1981. — July 16, 1981.

Present: HENNESSEY, C.J., BRAUCHER, LIACOS, ABRAMS, & NOLAN, JJ.

*Fire.  Municipal Corporations*, Firefighting expenses.

A complaint by a town against a corporation and two of its officers, seek-
ing to recover the town's cost of fighting a fire on property of the cor-
poration, stated no common law or statutory claim on which relief
could be granted.  [61-62]

CIVIL ACTION commenced in the Superior Court Depart-
ment on November 28, 1979.

A motion to dismiss was heard by *Silva*, J., a District
Court judge sitting under statutory authority.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

*Philip N. Beauregard* (*Carleton A. Lees*, Town Counsel,
with him) for the plaintiff.

*David A. McLaughlin* for the defendants.

BRAUCHER, J.  The plaintiff town seeks to recover from
the defendants its cost of fighting a fire on land of the de-
fendant corporation.  It claims damages on the basis of
common law tort liability for negligence or misrepresenta-
tion and on the basis of G. L. c. 266, § 8, and G. L. c. 111,
§ 145.  The complaint was dismissed in the Superior Court
under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), and
we transferred the plaintiff's appeal to this court on our mo-
tion.  We affirm the judgment for the defendants.

---

[1] The other defendants are Andrew J. Brennan and Thomas Ferreira,
who are officers of the defendant corporation.

The complaint contained two counts. In the first the town alleged that the defendants had negligently dumped some 750,000 used tires on land in the town, violating G. L. c. 111, §§ 143 & 150A, and creating a nuisance and a fire hazard, and that as a result the town fire department was unable to inspect the premises properly and unable to extinguish promptly a fire that occurred on the premises. As a result the town "incurred greater expense than usual and necessary" in extinguishing and controlling the fire. The second count added an allegation that the defendants "falsely and maliciously with intent to defraud, mis-stated to the Board of Health . . . and the Board of Selectmen the proposed use and scope of operations at the site," and that as a result the town boards could not take proper precautions.

There seems to be no authority for common law recovery by a town of its expenses in fighting a fire. See *People* v. *Wilson*, 240 Cal. App. 2d 574, 576 (1966); *Portsmouth* v. *Campanella & Cardi Constr. Co.*, 100 N.H. 249, 253 (1956); *Howard* v. *Soo Line R.R.*, 63 Wis. 2d 500, 503 (1974); *Allenton Volunteer Fire Dep't* v. *Soo Line R.R.*, 372 F. Supp. 422, 423 (E.D. Wis. 1974); Annot., 90 A.L.R.2d 873 (1963). No claim is made for fire damage to town property of a type that would give rise to damage liability to a private owner for negligence or nuisance. G. L. c. 111, § 145. See *Dartmouth* v. *Silva*, 325 Mass. 401, 404 (1950); *Hanifin* v. *C & R Constr. Co.*, 313 Mass. 651 (1943); cf. *United States* v. *Chesapeake & O. Ry.*, 130 F.2d 308, 310 (4th Cir. 1942) (expense of protecting public property from advancing fire). Expense incurred by the town in extinguishing a fire on private land stands on a different footing. See *State* v. *Boston & Me. R.R.*, 99 N.H. 66, 71 (1954). Once a town establishes a fire department under G. L. c. 48, § 42, as amended by St. 1973, c. 1048, § 1, the fire chief has "charge of extinguishing fires in the town and the protection of life and property in case of fire." Safeguards against fire are maintained "for the benefit of the public and without pecuniary compensation or emolument." *Tainter* v. *Worcester*, 123 Mass. 311, 316 (1877).

Under these authorities the right of the town to recover firefighting expenses depends on statute. See, e.g., G. L. c. 48, § 59A, providing for a written agreement for reimbursement in case of aid to another municipality; G. L. c. 148, § 5, abatement of fire hazard at owner's expense on twenty-four hour notice. Such statutes have generally been strictly construed. See *United States* v. *Burlington N., Inc.,* 500 F.2d 637, 639 (9th Cir. 1974); *State* v. *California Or. Power Co.,* 225 Or. 604, 612 (1961). The town argues that G. L. c. 266, § 8, as appearing in St. 1958, c. 526, § 2, provides for liability in the present case, but the complaint lacks the necessary allegation that the defendants set or increased "a fire upon land of another" or that they suffered any fire upon their own land "to extend beyond the limits thereof whereby the woods or property of another are injured." See *State Forester* v. *Obrist,* 237 Or. 63, 67 (1964). Thus, the complaint fails to state a claim upon which relief can be granted.

*Judgment affirmed.*