ROGERS, Circuit Judge,
concurring:
The court “hold[s] that attorney fees qua damages are recoverable against the United States for abuse of process and malicious prosecution if ‘the laws of the place’ where the tort occurs so provides.” Op. at 572. As I interpret the court’s opinion, the terms “injury or loss of prop *582 erty” under the Federal Tort Claims Act (“FTCA”), 28 U.S.C. § 1346(b), are defined as a matter of federal law in determining whether Tri-State’s claim is outside the intended scope of the FTCA, and not defined solely by state law. This follows in my view from the following analysis.
In Smith v. United States, 507 U.S. 197, 113 S.Ct. 1178, 122 L.Ed.2d 548 (1993), the Supreme Court acknowledged that its decisions interpreting the FTCA “contain varying statements as to how it should be construed.” Id. at 203, 113 S.Ct. 1178. It announced, however, that it was embracing the approach that “we should not take it upon ourselves to extend the waiver beyond that which Congress intended. Neither, however, should we assume the authority to narrow the waiver that Congress intended.’ ” Id. (quoting United States v. Kubrick, 444 U.S. 111, 117-18, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 261, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999), on which the court relies in describing a more stringent standard of review, Op. at 575, involved the Administrative Procedure Act, not the FTCA.
The following year, in FDIC v. Meyer, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994), the Supreme Court described § 1346(b) as establishing a waiver of sovereign immunity and a cause of action against the federal government if “six elements” are met. Id. at 477, 114 S.Ct. 996. Thus, a claim must be:
[1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be hable to the claimant in accordance with the law of the place where the act or omission occurred.
Id. (quoting § 1346(b) (alterations in original)). The Court concluded that a federal due process constitutional claim was not cognizable under the FTCA, holding that the claim failed to meet the sixth element because it “could not contain” an allegation that the United States “ ‘would be liable to the claimant’ as ‘a private person’ ‘in accordance with the law of the place where the act or omission occurred.’ ” Id. at 477-78, 114 S.Ct. 996 (quoting § 1346(b)). As the Court noted, it had “consistently held that § 1346(b)’s reference to the ‘law of the place’ means law of the State — the source of substantive liability under the FTCA.” Id. at 478, 114 S.Ct. 996. Because, “[b]y definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right,” a federal constitutional claim could not .meet the sixth element of § 1346(b) as it raised no claim under state law, and the “United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims.” Id. at 478, 114 S.Ct. 996. In other words, the Court’s reference in Meyer to the importance of state tort law for defining the scope of the FTCA is directed solely at the sixth and last element of § 1346(b), but a FTCA claim, as the government notes, can only be established by meeting all six elements.
In analyzing the fourth element of § 1346(b), whether the harm complained of by the plaintiff has been “caused by the negligent or wrongful act or omission of any employee of the Government,” the Supreme Court has emphasized that federal law controls the definition of the relevant terms. In Laird v. Nelms, 406 U.S. 797, 797, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1972), the plaintiffs sought “recovery for proper *583 ty damage allegedly resulting from a sonic boom caused by California-based United States military planes flying over North Carolina on a training mission.” The Fourth Circuit, relying on “a theory of strict or absolute liability for ultrahazar-dous activities,” had reversed the district court’s grant of summary judgment for the government based on the absence of negligence. Id. at 798, 92 S.Ct. 1899. The Supreme Court reversed, noting that it had previously rejected a claim based on strict liability in Dalehite v. United States, 346 U.S. 15, 44-45, 73 S.Ct. 956, 97 L.Ed. 1427 (1953), and characterized its holding in Dalehite as
not tumping] on the question of whether the law of Texas or of some other State did or did not recognize strict liability for the conduct of ultrahazardous activities. It turned instead on the question of whether the language of the Federal Tort Claims Act permitted under any circumstances the imposition of liability upon the Government where there had been neither negligence nor wrongful act. The necessary consequence of the Court’s holding in Dalehite is that the statutory language “negligent or wrongful act or omission of any employee of the Government,” is a uniform federal . limitation on the types of acts committed by its employees for which the United States has consented to be sued. Regardless of state law characterization, the Federal Tort Claims Act itself precludes the imposition of liability if there has been no negligence or other form of “malfeasance or nonfeasance.”
Laird, 406 U.S. at 798-99, 92 S.Ct. 1899 (quoting Dalehite, 346 U.S. at 45, 73 S.Ct. 956) (emphasis added). The Supreme Court has taken a similar approach in construing other provisions of the FTCA, such as the independent contractor exception in § 2671, see United States v. Orleans, 425 U.S. 807, 814-15, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); Logue v. United States, 412 U.S. 521, 528, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973), and the intentional torts exception in § 2680(h), see United States v. Neustadt, 366 U.S. 696, 705-06, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). As the Court has said with respect to another section of the FTCA prohibiting the award of punitive damages against the government, “the meaning of the term ‘punitive damages’ as used in § 2674, a federal statute, is by definition a federal question.” Molzof v. United States, 502 U.S. 301, 305, 112 S.Ct. 711, 116 L.Ed.2d 731 (1992). Cf. Indian Towing Co. v. United States, 350 U.S. 61, 64-65, 76 S.Ct. 122, 100 L.Ed. 48 (1955).
The court notes that it is well-established that under state law (whether or not the District of Columbia provides the correct substantive law to apply in this case) attorney’s fees may be collected as damages. Op. at 576-77 & n.5. Hence, the requirement of the sixth element is met by Tri-State’s claim. The question remains whether Tri-States’s claim is an “injury or loss of property” under a theory of malicious prosecution. The only Supreme Court case to discuss the terms “injury or loss of property” is unhelpful for the Court declined, in the course of resolving the scope of the exception under § 2689(c) to “[t]he Act’s broad wavier of sovereign immunity,” to resolve the scope of § 1346(b). See Kosak v. United States, 465 U.S. 848, 852 & n. 7, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984).
Tri-State’s contention that its claim falls within the scope of what Congress intended in the FTCA by allowing the recovery of “damages” for “injury or loss of property” is persuasive. See Op. at 579-80. It relies on New York v. United States, 620 F.Supp. 374 (E.D.N.Y.1985), where, in, addressing a claim for the costs of removing contaminants placed in the soil by United *584 States Air Force, New York, 620 F.Supp. at 375, the district court cited Rayonier, Inc. v. United States, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957), which held that negligence by the Forest Service was actionable under the FTCA for recovery of property damage, see New York, 620 F.Supp. at 378. The district court in New York proceeded to accept New York’s position that its clean-up costs were “simply the suggested measure of damages to its property,” rejecting the United States’ position that New York’s claim was in the nature of a claim for equitable restitution for the costs of the clean up. Id. So too here, Tri-States’ attorneys fees are a measure of the damages it suffered as a result of the government’s malicious prosecution and abuse of process. Cases imposing a “physical injury” requirement, such as California v. United States, 307 F.2d 941, 944 (9th Cir.1962), are distinguishable, and hence the court has no need to hold that it declines to follow them, Op. at 579-80, because in a malicious prosecution cause of action, it is the litigation itself that is the injury (and hence the court need go no farther in rejecting that line of authority). “The interest in freedom from unjustifiable litigation is protected by actions for malicious prosecution and abuse of process.” W. Page Keeton, et al., Prosser and Keeton on Torts, § 119, at 870 (5th Ed. Horn-book Series Lawyer’s Ed.1984). Thus, the money spent on attorney’s fees is money spent rectifying or correcting that injury and is recoverable. Cf. New York, 620 F.Supp. at 378-79. As the court notes, Tri-State is not seeking to recover its attorney’s fees for bringing its claim under the FTCA. Op. at 577.
Contrary to Congress’s endorsement of recovery for malicious prosecution, 28 U.S.C. § 2680(h), the government’s proposed restriction of recovery of damages for “injury or loss of property or personal injury or death” in malicious prosecution claims to claims involving physical damage or injury to the plaintiffs property could mean that no recovery would be possible, for example, for civil prosecutions against private corporations involving no imprisonment or other physical intrusion on the plaintiff, nor any loss of a property right by the plaintiff who will (by definition) have won the prior lawsuit. There is no reason to think that Congress was unaware of the traditional meanings of various tort terms when it added malicious prosecution by law enforcement officers to § 2680(h), and that tort has traditionally allowed for recovery of attorneys fees. See Restatement (Second) of Torts § 681(c); Prosser and Keaton, § 119 at 888; id. § 120 at 889-92, 895-96; A.L. Azores, Annotation, Attorney’s Fees as Element of Damages in Action for False Imprisonment or Arrest, or for Malicious Prosecution, 21 A.L.R.3d 1068 § 2 (1968). The legislative history indicates that in allowing recovery for malicious prosecution or abuse of process and other intentional torts Congress intended to reach “any case in which a Federal law enforcement agent committed the tort while acting within the scope of his employment or under color of Federal law.” See S. Rep. No. 93-588 at 4 (1974), reprinted in 1974 U.S.C.C.A.N. 2789, 2791.
Under this analysis, which clarifies the federal and state-law questions, the court’s opinion is properly read as holding with respect to claims for malicious prosecution and abuse of process, claims specifically recognized by Congress as viable under § 2680(h), that, as a matter of federal law, recovery of attorneys fees as damages is within the scope of what Congress meant by “injury or loss of property” under § 1346(b). Only if attorney’s fees are collectable as damages under state law will a plaintiff be able to recover them under the FTCA because the sixth element of *585 § 1346(b) will then have been satisfied. The court’s references to District of Columbia law, other state law, and the Restatement (Second) of Torts, see Op. at 577 & n.5, relate therefore only to its conclusion that, for purposes of that sixth element, attorney’s fees will be collectable. So understood, I concur inasmuch as the Equal Access to Justice Act, see esp. 28 U.S.C. § 2412(d), is not a bar to TriStates’ claim. Op. at 580-81.