**KEOWN v. UNITED STATES.**

Civ. A. No. 877.

United States District Court
S. D. Iowa, Central Division.

Sept. 13, 1950.

James M. Stewart and Stephen Robinson, Des Moines, Iowa, for the plaintiff.

Wm. R. Hart, U. S. Atty., Iowa City, Iowa, Cloid I. Level, Asst. U. S. Atty., Des Moines, Iowa and Wm. R. Sheridan, Asst. U. S. Atty., Keokuk, Iowa, for the United States.

SWITZER, District Judge.

Plaintiff is the mother of Sergeant Keith K. Keown who lost his life in 1944 while a crew member of a C-4 cargo plane which left Lae, New Guinea, for Madrab, New Guinea, but failed to arrive. She is here seeking to recover as executrix of the estate of her son his final service pay and allowances in the amount of $1374.62, which the Government had previously paid to his widow, Sally R. Keown.

The cause was duly heard in open court at Des Moines, Iowa, upon the pleadings, evidence, exhibits, and stipulation of facts incorporated in the court's order on pretrial conference. Argument was had by written briefs. Upon due consideration of the cause as thus submitted, the court enters its findings of fact and conclusions of law, as follows:

Findings of Fact.

1. Keith K. Keown enlisted in the United States Army on January 19, 1943, and became missing in action in 1944.

2. His presumptive date of death was determined by the Government to be as of April 3, 1946.

3. Before entering the Army, deceased was married to Sally Root Keown, with whom he lived but a very few days, and on January 4, 1943, he filed a petition for annulment in the District Court of Iowa in and for Polk County, which petition remained undecided until dismissed on August 12, 1946.

4. Plaintiff Lucy C. Keown is the mother of the deceased veteran and the sole beneficiary under his last will and testament, dated Dec. 5, 1943, and which was admitted to probate in Polk County, Iowa, on July 16, 1946.

5. There was due and owing from the Government as determined by the War Department for decedent veteran's final pay and allowances the sum of $1,374.62.

6. Formal claim for this amount was made by Sally R. Keown, the widow, on April 21, 1946, which the Claims Division of the General Accounting Office under the Comptroller General of the United States paid to her on June 26, 1946.

7. That prior to said payment of June 26, 1946, to Sally R. Keown, widow, several letters written both by the plaintiff before her appointment as executrix and others on her behalf were sent to and acknowledged by the government offices having control of the settlement of the accounts of deceased veterans:

(a) on May 13, 1946, plaintiff wrote to the General Accounting Office, Claims Division, Washington, D. C., as follows: "Dear Sirs:

"I have been advised by the office of Special Settlement Accounts, to inquire of you concerning the arrears of pay, of my son, the late Sgt. Keith Kelly Keown, 37656484. I have his last will and testament, also his National Insurance Certificate, but have not recd. any form to fill yet for a settlement of the same, nor none of his back pay, as he was missing on Sept. 25, 1944, and date set for his presumptive death, which would entitle me to 19 mo. back pay.

"Please advise me concerning the same.
"Mrs. Lucy C. Keown."

(b) On June 12, 1946, the acting director of the Office of the Chief of Finance, Office of Special Settlement Accounts, Newark, N. J., wrote to Honorable Paul. Cunningham, House of Representatives, Washington, D. C., as follows:

"Dear Mr. Cunningham:

"This will acknowledge receipt of your letter of 13 May 1946 together with letter dated 11 May 1946 from Mrs. Lucy Keown, forwarded to this office by The Adjutant General for reply to so much as pertains to the six months' death gratuity and arrears of pay in the case of Sergeant Keith K. Keown, ASN 37 656 484. * * *

"Copies of the correspondence in the matter have been furnished the General Accounting Office for their information with the request that in the event settlement of Sergeant Keown's account has not been effected such action be withheld pending receipt of advice from Mrs. Keown regarding her appointment as legal representative of her son's estate * * *.

"R. H. Bradshaw, Colonel, FD,
Acting Director."

(c) on June 18, 1946, plaintiff's attorney wrote to the General Accounting Office, Claims Division, Washington, D. C., advising that office that he represented the mother of Sgt. K. Keown, that the veteran's last will and testament had been filed in the District Court of Iowa (Polk County), and that plaintiff was named therein as the executrix but that she could not be ap-pointed as such until publication of the will was duly made, that this notice was given so that the General Accounting Office would not close out the case or pay the money to any one but the plaintiff, "and especially do I charge you with notice not to pay the said sum of money to Mrs. Sally R. Keown."

8. On July 17, 1946, plaintiff's attorney sent to the Claims Division of the General Accounting Office, Washington, D. C., copy of the order of the Iowa District Court in and for Polk County, dated July 16, 1946, appointing Mrs. Lucy C. Keown as executrix of the estate of Keith K. Keown, and in said letter advised the General Accounting Office that all payments due the said Keith K. Keown are now to be paid to the executrix of the estate.

9. On July 22, 1946, the Assistant Comptroller General of the United States wrote to Mrs. Sally R. Keown, Old Hook Road, Closter, New Jersey, informing her of the notice that had been given the Claims Division by the plaintiff (before her appointment as executrix) and telling her that the check for $1,374.62 was "improperly allowed you" by that office and that she should remit it to obviate any need for reporting the matter to the Department of Justice for collection.

10. No formal demand or claim on the part of the plaintiff as the legal representative of the estate of the deceased veteran was presented to the accounting officers of the Government prior to the date payment was made to the widow on June 26, 1946, pursuant to her formal claim therefor.

## Conclusions of Law.

1. Jurisdiction of this cause is founded on Section 1346(a) (2), Title 28 U.S.C.A., commonly known as the Tucker Act.

2. The pertinent statute herein involved. is Section 868, Title 10 U.S.C.A., as follows: "In the settlement of the amounts. of deceased officers or enlisted persons of the Army, where no demand is presented by a duly appointed legal representative of the estate, the accounting officers may allow the amount found due to the decedent's. widow, widower, or legal heirs in the following order of precedence: First, to the widow or widower * * *."

3. No demand or claim was presented to the accounting officers of the Government by a duly appointed legal representative of the estate of the deceased veteran prior to payment of the veteran's final pay and allowances to the widow upon her formal claim therefor.

4. Plaintiff's complaint herein should be dismissed.

Unquestionably in this case, a demand in its broad sense was made upon the disbursing officers of the government by the letter of Mrs. Keown, the plaintiff, dated May 13, 1946, and by that of her attorney dated June 18, 1946, sufficient to give such officers notice that a legal representative of the estate would prospectively file a claim for the amount allowed the veteran. The War Department and the Comptroller General's Office recognized and admitted this, but the officer who actually executed the payment on June 26, 1946, did not have such notice or knowledge. However, it is clear that the above notices and demands were not those of "a duly appointed legal representative of the estate". The statute above quoted, Sec. 868, Title 10 U.S.C.A., is not so flexible as to validate the demand of one lacking the full authority to make a legal demand. The cooperative efforts and admissions of the disbursing officers in recognizing that the plaintiff was the one intended by the veteran to receive the settlement do not, however create any liability upon the Government for their actions in the face of the restrictive wording of the statute.

It will be noticed from the findings of fact and conclusions of law that the court has considered Plaintiff's Exhibits B (letter dated July 22, 1946, from Assistant Comptroller General to Congressman Paul Cunningham); D (letter from the Assistant Comptroller General of the United States to Mrs. Sally R. Keown, Old Hook Road, Closter, N. J., dated July 22, 1946, referred to in finding of fact No. 9 above); and E (letter from the Office of Special Settlement Accounts, Newark, N. J., dated June 12, 1946, referred to in finding of fact No. 7(b), to Congressman Cunningham); as having been admitted in evidence, although on the trial these exhibits were conditionally received subject to the objection of the Government. Since the end result is not affected by the admission of these exhibits, discussion of the propriety of their admission is perhaps moot. If, however, the rejection of these exhibits had been determinative of the matter, the court would have been compelled to exclude them in view of the general rule announced by the Supreme Court in Wilbur Nat. Bank v. United States, 294 U.S. 120, 123, 55 S.Ct. 362, 364, 79 L.Ed. 798, as follows: "The general rule is that the United States are neither bound nor estopped by the acts of their officers and agents in entering into an agreement or arrangement to do or cause to be done what the law does not sanction or permit. Also, those dealing with an agent of the United States must be held to have had notice of the limitation of his authority."

The Clerk will therefore enter the following order:

This cause having come on for hearing upon its merits in open court at Des Moines, Iowa, and argument having been made by respective counsel by written briefs and the court having stated herein its findings of fact and conclusions of law;

It is ordered that the complaint of the plaintiff be, and the same is, hereby dismissed on its merits. Plaintiff excepts.