**Jesse M. RAY, Plaintiff,**

**v.**

**UNITED STATES of America and Frank K. Bridwell, Defendants.**

**Civ. A. No. 75–1272.**

United States District Court, D. South Carolina, Greenville Division.

Oct. 2, 1975.

Jesse M. Ray, pro se.

Mark Buyck, U. S. Atty., D. S. C., Columbia, S. C., and James D. McCoy, III, Asst. U. S. Atty., Greenville, S. C., for defendants.

### ORDER

HEMPHILL, District Judge.

Defendant's motion to dismiss invites the decision of this court. Bridwell, a

former defendant, is no longer in the case, admittedly enjoying immunity from civil liability for acts performed in the course of his duties as a government official. Prior to hearing the motion, without objection, the court allowed plaintiff's motion to amend to bring his cause under Title 28, Section 1346(a)(2)[1] and 2410[2], United States Code.

The complaint shows that plaintiff, attorney, who instituted this action *pro se*, in April of 1975, was employed by borrower John T. Livingston, and lender First Federal Savings and Loan Association of Greenville, to close purchase money mortgage (a loan) arising out of purchase by the borrower of a lot in Simpsonville, South Carolina[3]; in the course of his duties as counsel, plaintiff contacted one or more members of that vast government bureaucracy known as the Farmers Home Administration, Greenville, South Carolina, office, with respect to the balance due on the outstanding loan from that source of the taxpayers' funds, it being necessary to pay off the government loan in order to give new lender a first mortgage. Plaintiff alleges that he was advised that the balance was seventeen thousand six hundred and forty-two dollars and twelve cents ($17,652.12) with interest of three dollars and 44 cents ($3.44) per day commencing April 19, 1975. Thereafter plaintiff closed the loan-sale, tendered the amount of $17,652.12 and was advised that the note and mortgage would be satisfied and cancelled; the check was then deposited and cashed by defendant United States through the bank account of the particular bureaucracy. Defendants thereafter allegedly refused to cancel the note and mortage claiming that there was an additional amount of $20.05 due. Plaintiff claims that defendant's failure to cancel mortgage and

1. 28 U.S.C. § 1346(a)(2) provides:
   United States as defendant
   (a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
   (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

2. 28 U.S.C. § 2410 provides: Actions affecting property on which United States has lien
   (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—
   (1) to quiet title to,
   (2) to foreclose a mortgage or other lien upon,
   (3) to partition,
   (4) to condemn, or

   (5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien.
   (b) The complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States. In actions or suits involving liens arising under the internal revenue laws, the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed. In actions in the State courts service upon the United States shall be made by serving the process of the court with a copy of the complaint upon the United States attorney for the district in which the action is brought or upon an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court in which the action is brought and by sending copies of the process and complaint, by registered mail, or by certified mail, to the Attorney General of the United States at Washington, District of Columbia. In such actions the United States may appear and answer, plead or demur within sixty days after such service or such further time as the court may allow.

3. It is often the custom for the borrower to select an attorney who gives a certificate of title to the loaning institution.

satisfy the same of record comes under the provisions of Title 45, Sections 61 and 62, S.C.Code, 1962, annotated;[4] he asks the amount of eight thousand eight hundred and twenty dollars and sixteen cents ($8,820.16)[5] damages.

■ 28 U.S.C. § 1346(a)(2) is authority for the district court's original jurisdiction in certain actions arising out of or upon any express or implied contract. But where is the contract? It appears that the contract in this case was between the seller, George F. Jefferson, III, from whom borrower in this case, was purchasing. There is no contract between United States and Livingston as Livingston entered into no agreement with the United States. Jefferson, who held the original contract, is not suing.

Plaintiff, as lawyer, claims that there was a contract between him, as lawyer, and defendant but the court cannot agree. In the first instance there is no consideration flowing from the plaintiff to the defendant United States of America for any alleged contract by the United States of America to satisfy the mortgage. What has happened, apparently, is that a mutual mistake has been made and the fact is that plaintiff has been misinformed, and the bureaucracy is responsible for the misinformation. Plaintiff does not contest that the amount due was not as finally calculated by the bureaucracy, only claims that he was misinformed. The fact that plaintiff was misinformed would not change the fact of the amount actually due. The amount was due whether or not plaintiff was misinformed or not.

■ The federal district court does not have jurisdiction over any claim against the United States, absent specific congressional intent because "the United States, as sovereign, is immuned from suit and saves the consent to be sued;" such consent is defined by the statute giving jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *United States v. Shaw*, 309 U.S. 495, 500, 60 S.Ct. 659, 84 L.Ed. 888 (1940); *United States Department of Agriculture et al. v. Hunter et al.*, 171 F.2d 793 (5th Cir. 1949).

■ This case is similar to *Thompson v. United States*, 394 F.2d 521, 184 Ct.Cl. 145 (1968) where the Court of Claims held that an appraiser who contracted with the United States for appraisal work was entitled only to per diem payment for the work actually done, and could not hold the United States responsible for per diem on the estimates made. The case is similar to the case here as the estimate of the bu-

4. Section 45–61, South Carolina Code, 1962, anno., provides: Duty to enter satisfaction when last paid.—Any person. who shall have received full payment or satisfaction or to whom a legal tender shall have been made of his debts, damages, costs and charges secured by mortgage of real estate or personal property shall, at the request of the mortgagor or of his legal representative, or any other person being a creditor of the debtor or a purchaser under him or having an interest in any estate bound by such mortgage and on tender of the fees of office for entering such satisfaction, within three months after such request made, enter satisfaction in the proper office on such mortgage which shall forever thereafter discharge and satisfy such mortgage.

Section 45–62 South Carolina Code, 1962, anno., provides: Failure to enter satisfaction; penalty and entry after suit.—Any person having received such payment, satisfaction or tender as aforesaid who shall not, by himself or his attorney, within three months after such request and tender of fees of office, repair to the proper office and enter satisfaction as aforesaid shall forfeit and pay to the person aggrieved a sum of money not exceeding one half of the amount of the debt secured by the mortgage, to be recovered by action in any court of competent jurisdiction within the State. And on judgment being rendered for the plaintiff in any such action, the presiding judge shall order satisfaction to be entered on the judgment or mortgage aforesaid by the clerk, register or other proper officer whose duty it shall be, on receiving such order, to record it and to enter satisfaction accordingly.

5. It must be a miscalculation claim one-half of the alleged balance due. Fifty percent of $17,652.12 is $8,826.06 and 50% of $17,-852.17 (with the $20.05 added) is $8,836.08.

reaucracy was an over-the-telephone estimate, nothing more, nothing less. Furthermore, in this case the agents of the United States had no authority to satisfy the mortgage for anything less than the amount due. The United States, and the clerks in its various bureaucracies, are neither bound nor estopped by their acts in entering into agreements or arrangements to do or cause to be done what the law does not sanction or permit, and those dealing with an agency of the United States must be held to have had notice of the limitation of their authority. *Keawn v. United States,* 92 F.Supp. 628 (D.C.Iowa 1950), *aff'd,* 191 F.2d 438 (8th Cir. 1951). *See also Branch Banking and Trust Co. v. United States,* 98 F.Supp. 757, 120 Ct. Cl. 72 (1951), *cert. denied,* 342 U.S. 893, 72 S.Ct. 200, 96 L.Ed. 669. The agents, Bridwell included, had no authority to settle the account for less than the amount due. Satisfaction was/is based on payment of the correct amount due under Jefferson's note and mortgage to the government.

Defendant cites *People of State of California v. United States,* 307 F.2d 941, 942 (9th Cir. 1962), in which the District Court "found that it was unnecessary to consider these questions [motion to dismiss] for the reason that the Federal Tort Claims Act does not confer jurisdiction upon the court to entertain the State's claim regardless of whether it sounds in contract or in tort . . ." The appellate court held:

> But whether the action is founded in tort or in contract the District Court had no jurisdiction in either case, for if in tort the complaint does not claim an "injury or loss of property;" and if in contract the action is beyond the jurisdictional limit of the court.

This court has disposed of the contract issue heretofore. There is no tort action here as there is no injury to person or property. The appellate opinion did not target in on the issue of state statutes.

Defendant's motion is dismissed with costs. It does occur to this court that the failure of the bureaucracy to straighten out a $20.00 item has probably cost the government $500.00 in processing this case, so that any victory of the government is Pyrrhic.

The motion to dismiss is granted.

And it is so ordered.